## Thomas v. Hempt Brothers

*Mark E. Garber, Henry G. Kessler*, and *Luria & Still*, for plaintiff.

*Myers & Myers* and *McNees, Wallace & Nurick*, for defendant.

SHUGHART, P. J., March 31, 1948.—Plaintiff filed complaint in assumpsit in the above-entitled case and defendants have raised preliminary objections in the nature of a rule to strike and a motion for more specific complaint under Rule 1017(*b*), (2) and (3) of Rules of Civil Procedure.

### Motion to strike

The complaint in this case is signed by plaintiff personally but not by either of his counsel as required by Rule 1023(*a*) of Rules of Civil Procedure. This omission is assigned by defendants as their first reason in support of the motion to strike.

Rule 1023(*a*) provides as follows:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. A party not represented by an attorney shall sign his own pleading."

Subsection (b) provides: "The signature to a pleading constitutes a certificate that the person signing it has read it, that to the best of his knowledge, information and belief there is good ground to support it, and that it is not interposed for delay."

Counsel does not contend that defendants have in any way been prejudiced because of the failure of counsel to sign the complaint. Counsel argues that by analogy to Federal Rule 11 (28 U. S. C. §723-C), signing by an attorney where one appears of record is mandatory.

Federal Rule 11 provides as follows:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, *whose address* shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. *Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.* . . . The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . ." (Italics supplied.)

It would appear from this rule that compliance therewith fulfills two additional purposes other than those fulfilled by compliance with rule 1023(a). First it supplants the verification as required by Pa. Rule 1024 and, second, rule 1025, which requires endorsement of every pleading.

In the instant case there is no allegation of noncompliance with rule 1025 as to endorsement; and is attacked merely because of the form of verification which will be discussed later in this opinion.

Pa. Rule 126 provides as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

The signing by plaintiff himself would have strictly complied with rule 1023(a) had he not been represented by counsel; further, defendants have not alleged that they were in any way prejudiced. Since, therefore, the substantial rights of the parties have not been affected we feel the error is such a defect as may be disregarded. In the case of McKay et al. v. Beatty et al., 348 Pa. 286, the Supreme Court, speaking

through Justice Stern, states as the reason for rule 126: "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives." The spirit and purpose of the rules were served so far as the rights of defendants were concerned and there is no such duty to adhere to the letter as to require the striking or amendment of the complaint. The method of signing employed here, however, is not to be recommended and it is strongly suggested that counsel in the future follow the manner of signing prescribed by the rule.

Defendants' second ground for striking the statement was plaintiff's failure to set forth whether plaintiff's contract for employment was oral or written, as required by rule 1019(h). Plaintiff's answer to preliminary objections set forth that the contract was oral and counsel for defendants have withdrawn this objection.

Defendants' third basis for striking complaint is based on plaintiff's use of the following form of verification:

"Personally appeared before me, a Notary Public in and for said County and State, Adam Thomas, who being duly sworn according to law, doth depose and say that the facts set forth in the within and foregoing Complaint are true and correct"
in lieu of form 1024(a) which requires an oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief.

Section 9 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §391, provided that the statement of claim "shall be sworn to by the plaintiff or some person having knowledge of the facts, . . ." Following that act there were numerous decisions to the effect that an affidavit to a statement of claim setting forth that the facts set forth were true and correct to the best of

affiant's "knowledge and belief" was defective and would be sufficient cause to strike the statement. Dayhoff v. Masland, 29 Dist. R. 393, is an example of such a case. The court in that case stated that where facts were known absolutely by plaintiff he should so state and where they were known only from information it would be proper to qualify the affidavit by the averment that they were true to the best of affiant's knowledge and belief and his expectation to prove them at the trial.

It appears that rule 1024(a) was designed to avoid striking complaints for such omissions as were set forth above. It states that an oath that averments are true on affiant's personal knowledge *or* information and belief is sufficient and expressly states that affiant need not aver source of information or expectation to prove at trial.

The language employed in the instant case very clearly and forcefully supports the conclusion that the averments made are on personal knowledge. Defendants do not contend that any portion of the complaint contains information outside the scope of plaintiff's knowledge and we therefore hold that it is sufficient.

Defendants assign as the fourth reason in support of the motion to strike a violation of rule 1022 by allegations of paragraph 4 of plaintiff's statements. This controversy involves a suit by plaintiff, an employe, for unpaid overtime wages (as well as liquidated damages and counsel fees) under the Fair Labor Standards Act of June 25, 1938, 52 Stat. at L. 1060, for a period from October 1938 to April 1945. Plaintiff combines his claim for the entire period in this paragraph. In it he claims payment for overtime in excess of 44 hours for the weeks prior to June 1939; for more than 42 hours in weeks prior to January 1940; and for more than 40 hours in the weeks from January 1940 to April 15, 1945. Exhibit "E", incorporated into paragraph 4 and attached to the complaint, lists the hours worked by

plaintiff for the bi-monthly periods during these times and on the same basis sets forth the hours of overtime and amounts owing therefor.

Rule 1022 provides for the paragraphing of the complaint and provides: "Each paragraph shall contain as far as practicable only one material allegation." The material fact here appears to be the general allegation of overtime work, the specific dates alleged being the integral parts of that allegation. Where a paragraph contains facts amounting to and collectively making up one fact concerning which there may be a single issue the requirements of one material allegation are met: Logan v. Hull, 4 D. & C. 706.

"The pleader must steer a middle course between too great minuteness in his analysis and statement of the facts, and the statement of more than one essential material allegation in a paragraph": Amram's Common Pleas Practice, 4th ed., p. 61. It will be noted that this statement was made concerning the requirements under the Practice Act of 1915 which provided, "each (paragraph) shall contain but one material allegation" whereas rule 1022 inserts the words "as far as practicable". We feel justified in assuming that thereby the committee intended to relax the more strict requirements under the Practice Act.

In the instant case, the paragraph under attack is lengthy, but the facts alleged constitute but one material allegation. To require further division of the particular paragraph would give rise to the danger of division into innumerable paragraphs wherein prolixity would result instead of conciseness. Although a paragraph contains a single material allegation, it also may contain, depending upon the circumstances, such subordinate allegations as may modify, clarify or explain this: Fuel Oil Co. v. Clarendon Refining Co., 28 Dist. R. 805.

In any event, the defect alleged is one that may be cured by amendment and since, for reasons hereinafter

set forth, a more specific complaint is required, this objection may be cured at that time.

For the reasons given the motion to strike off the complaint is overruled.

### Motion for More Specific Complaint

Defendants set forth as the ground for more specific complaint plaintiff's failure to set forth the dated work weeks in which plaintiff claims overtime compensation. Defendants contend plaintiff should set forth the number of hours worked each week and the overtime compensation claimed. In his complaint, plaintiff has set up his allegation on a two-week period setting forth the number of hours worked during said period, the number of hours overtime, and the amount due therefor.

The Federal courts have held repeatedly that the coverage of the Fair Labor Standards Act depends upon the character of the activities of a particular employe rather than upon the nature of the business of the employer: Walling v. Jacksonville Paper Co., 317 U. S. 564; 63 S. Ct. 332; Keen v. Mid-Continent Petroleum Corp., 63 F. Supp. 120, 129, citing cases. Thus an employer may engage in both interstate and intrastate activity without bringing those employes within the scope of the act who are engaged in the intrastate activity.

It has been held that the nature of an employe's duties may be such that he may be entitled to the overtime payments contemplated by the act one week and not so covered the next. In arriving at this determination it has been held under the act that a single work week is the standard: Keen v. Mid-Continent Petroleum Corp., supra. The case cited held that employe was entitled to overtime payments for some weeks and not for others because his duties varied. For a similar case, see Cullum v. Stevens, 46 F. Supp. 73. In the instant case the exact nature of plaintiff

employe's duties are not set forth in the complaint so that the same situation might well exist.

The number of hours worked by plaintiff in any work week in intrastate commerce is immaterial in the present controversy. The court is concerned only with the hours worked while the employe was engaged in employment covered by the Fair Labor Standards Act. In the case of Sirmon v. Cron and Gracey Dilling Corp., 44 F. Supp. 29, the court required plaintiff to amend his complaint to show in detail whether during any single week more than 40 hours were worked and, if so, how many.

Counsel for plaintiff contend that plaintiff alleges that he was employed within the scope of the act at *all* times during the periods stated in the complaint. With that statement we agree, but so has the employe in each of the cases examined by the court. The question for determination is, however, if he was so engaged for if he was not so engaged for certain weeks then for these he cannot recover.

We do not agree with plaintiff's counsel that breaking the periods into work-week periods constitute pleading evidence any more than does the pleading of the two-week period employed. Nor is counsel's argument sound that a work-week period can be arrived at by simple division of the number of hours worked in the two-week period by two. Simply because plaintiff worked 160 hours during the period from the 1st to the 15th of a given month does not mean that he worked 80 hours each week. He may have worked more than that number of hours in one week and less in the other. Considerable difference might result if in one week he was employed within the scope of the act and not in the other.

As set forth in 3 Standard Pa. Practice §5, pp. 8, 9, the most important office of pleading is "to exhibit to the court, not only the facts which constitute the cause of action, but which of those facts are contro-

verted, so that the time of the court shall not be wasted, as so frequently happens, in the trial of facts that are really not in dispute. The primary purpose of pleading is to form a clear and distinct issue for the trial of the cause between the parties. Through the pleadings the parties are brought to specific issues upon the precise material facts in dispute and upon which their legal rights depend."

In light of the decisions holding that the work week is the proper unit for consideration in determining the application of the act in order to define the issues properly, the complaint must be amended to show the number of hours worked in the work-weeks for which overtime payments are claimed.

If, as was held in Cullum v. Stevens, 46 F. Supp. 73, plaintiff has the burden of showing the number of hours worked in each work-week to enable the court to figure the judgment he is entitled to, a fortiori where the judgment is to be calculated by a jury. This can be far better settled at the pleading stage than at trial of the case.

And now, to wit, March 31, 1948, defendants preliminary objection to plaintiff's complaint in the nature of a motion for more specific pleading is sustained and plaintiff is ordered to file a more specific complaint in conformity to the foregoing opinion within 20 days from this date.