## Thomas v. Hempt Brothers

*Mark E. Garber, Henry C. Kessler, Jr.,* and *Luria & Still,* for plaintiff.

*Myers & Myers, James H. Booser* and *McNees, Wallace & Nurick,* for defendant.

SHUGHART, P. J., October 28, 1950.—Plaintiff filed the above action in assumpsit against defendants, his em-

ployers, to recover compensation for overtime wages, liquidated damages and counsel fees pursuant to section 16(b) of the Fair Labor Standards Act of June 25 1938, 52 Stat. at L. 1060, 29 U. S. C. §§206, 207 and 216. Compensation for overtime is sought for the period beginning May 11, 1941, and ending on April 15, 1945, when defendants began to pay plaintiff for overtime in accordance with the act referred to above.

Plaintiff's original complaint was filed on May 13, 1947. Pursuant to an opinion and order of this court relative to preliminary objections filed to the complaint, an amended complaint was filed July 11, 1949. Defendants filed an answer to the complaint containing new matter. An answer to the new matter was filed by plaintiff. The pleadings having been closed defendants moved for judgment on the pleadings in conformity with Pa. R. C. P. 1037(a) and 1034. The disposition of this motion is the matter now before the court.

The first reason assigned by defendants in support of their motion is that plaintiff has failed to aver facts relative to his employment which are essential to give this court jurisdiction. Paragraph 4 of plaintiff's amended complaint dealing with the nature of plaintiff's employment avers, inter alia, as follows:

"At the time of the cause of action herein set forth Defendant . . . was engaged in manufacturing, processing and delivering material used in carrying on interstate transportation and communication, and otherwise engaged in furthering Inter-State Commerce, and plaintiff's *work as said employee was entirely in Inter-State Commerce during this period.*" (Italics supplied.) The foregoing contains the only reference in the complaint to the nature of the work done by plaintiff.

In the previous opinion filed in this case reported in 62 D. & C. 618 we said at page 624:

"The Federal Courts have held repeatedly that the coverage of the Fair Labor Standards Act depends upon the character of the activities of a particular employe rather than upon the nature of the business of the employer: Walling v. Jacksonville Paper Co., 317 U. S. 564, 63 S. Ct. 332; Keen v. Mid-Continent Petroleum Corp., 63 F. Supp. 120, 129, citing cases. Thus an employer may engage in both interstate and intrastate activity without bringing those employes within the scope of the act who are engaged in the intrastate activity."

It was apparently in an effort to meet the ruling above quoted that plaintiff added the words italicized in paragraph 4 of his amended complaint. The question presented is whether the averment is sufficient.

Whether or not one is engaged in interstate commerce is a legal conclusion to be drawn from the facts concerning the particular matter in controversy.

"The term (interstate commerce) is not a technical legal conception, but a practical one drawn from the course of business, and what falls within it must be determined upon consideration of established facts and known commercial methods": 11 Am. Jur. 8.

"It is not open to controversy that substance, and not form, controls in determining whether a particular transaction is one of interstate commerce": Heyman v. Hays, 236 U. S. 178, 59 L. Ed. 527, 35 S. Ct. 403.

In a negligence case the negligence of a party must be drawn from the facts and circumstances. That a mere averment that defendant was negligent, without stating the manner in which he was negligent, is improper pleading requires no citation of authority. It would seem that the naked averment that one is engaged in interstate commerce without setting forth the exact nature of the employment is equally improper pleading.

Such averment is not the averment of a material fact as required by Pa. R. C. P. 1019 (*a*) but on the contrary amounts to a conclusion of law. Unlike the Practice Act of 1915 the Rules of Civil Procedure do not prohibit pleading conclusions of law. This does not mean that conclusions may be pleaded with impunity; the rules have simply removed the emphasis on the form by deleting the words, "shall contain, and contain only", provided in section 5 of the Practice Act. Under the rules pleading a conclusion of law may be treated as harmless surplusage: Goodrich - Amram-Prelim. Survey, page 92. Under no possible circumstances does it mean that a conclusion of law may be pleaded in lieu of pleading the "material facts".

In this case one of the very matters in dispute is whether plaintiff was himself engaged in employment in interstate commerce. Averments as to the exact nature of his employment are, therefore, material since only from them can be drawn the conclusion that he was or was not engaged in interstate commerce and, therefore, whether or not he can bring himself within the provisions of the Fair Labor Standards Act, since passage of the Portal-to-Portal Act: 29 U. S. C. §§251, et seq.

Although pleading in the Federal courts differs from our own pleading, several Federal decisions have been rendered dismissing complaints for failure to state jurisdictional facts in actions similar to the instant case: Burfeind v. Eagle-Picher Co. of Texas, 71 F. Supp. 929; Cochran et al. v. St. Paul & Tacoma Lumber Co., 73 F. Supp. 288; Seese et al. v. Bethlehem Steel Co., 74 F. Supp. 412; Shaievitz v. Laks et al., 80 F. Supp. 241.

Counsel for plaintiff earnestly contend that the provisions of the Portal-to-Portal Act have no bearing on this suit instituted under the Fair Labor Standards Act for overtime wages, but are applicable only to

suits instituted to recover for portal-to-portal activities only. This same argument was presented in the Shaievitz case, supra. In dismissing the complaint Judge Knox, speaking for the court, at page 243 said:

"Plaintiff contends that the instant suit is not for portal-to-portal activities. Defendants' position is to the contrary. In this case, there is but one plaintiff, and the verified bill of particulars shows that he labored a substantial number of overtime hours each week. His work was performed in a garment factory in New York City.

"All this suggests a so-called 'legitimate' suit, and not one that is outlawed. However, this question need not now be decided."

A study of the Federal cases leads to the conclusion that a pleading such as set forth in this case is insufficient to confer jurisdiction of the subject matter of the suit. If an employe were held to state a cause of action simply by averring that his work was in interstate commerce, without setting forth the exact nature of his work, dire consequences could result. Conceivably our court calendars would be cluttered with worthless suits which could be disposed of only after a trial in which for the first time the employe gave notice of the exact nature of his employment. The whole purpose of our practice in permitting motions in the pleading stage is to clarify the issues and to permit the disposition of cases on which there is no basis for recovery and thus avoid the necessity of a trial. We believe that a requirement that plaintiff set forth in his complaint the exact factual nature of his work is in harmony with these principles.

In the Shaievitz case, supra, involving a suit likewise for overtime wages, the court held that the provisions of the Portal-to-Portal Act were applicable and that plaintiff had to allege that the work for which

218

additional pay was claimed was compensable by custom, contract or practice. Judge Knox said at page 242:

"The claim, perhaps, is not that overtime was not paid for, but that it was not paid for at time and one-half rates. If so, it does not appear clearly from the complaint. If it did, the work would have been compensable by contract, and there would be no jurisdictional defect."

We deem it unnecessary to decide at this time if those provisions of the Portal-to-Portal Act are applicable to the instant case since we feel that the complaint must fall for the reason already given.

In view of our decision regarding the first objection it is unnecessary to pass upon the other reasons assigned in support of the motion for judgment.

And now, October 28, 1950, defendants' motion for judgment on the pleadings is granted and judgment entered in favor of defendants and against plaintiff, unless plaintiff shall within 20 days file an amended complaint in conformity with the foregoing opinion.