## THOMAS *v.* HEMPT BROTHERS.

No. 410.   Argued February 3, 1953.—Decided March 9, 1953.

*Henry C. Kessler, Jr.* argued the cause for petitioner. With him on the brief was *Richard W. Galiher.*

*James H. Booser* argued the cause for respondent. With him on the brief were *Sterling G. McNees* and *Robert L. Myers, Jr.*

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioner Thomas sued the respondent Hempt Brothers in a Pennsylvania Court of Common Pleas to recover overtime wages, liquidated damages, and counsel fees under the provisions of §§ 6, 7 and 16 (b) of the Fair Labor Standards Act.*  The complaint alleged these facts: Hempt Brothers operate a stone quarry in Penn-

---

*52 Stat. 1060, as amended, 63 Stat. 910, 29 U. S. C. §§ 206, 207, 216 (b).

sylvania, use the stone in manufacturing cement mixtures, and then haul these mixtures in trucks to customers. Their customers were the Pennsylvania Turnpike, the Pennsylvania Railroad Company, an airport, an army depot, and a navy depot, all located within the state of Pennsylvania. The concrete was processed for use by these customers on Pennsylvania projects. The Railroad used its concrete for repair and maintenance of its roadbeds over which were operated interstate passenger and freight trains. The Turnpike used its concrete for laying and building "a highway which handles the flow of commerce between the states." The airport used concrete to build and erect landing fields to accommodate the flow of airplanes in interstate commerce. Other purchasers used their concrete on "projects which aided the flow of commerce, as will be proven by Plaintiff when he has his day in Court." Thomas was employed in producing and handling the quarry and concrete products.

On these allegations the Supreme Court of Pennsylvania sustained the trial court's judgment for Hempt Brothers entered on the ground that the complaint failed to show a recoverable cause of action under the Fair Labor Standards Act. 371 Pa. 383, 89 A. 2d 776. And see 62 Pa. D. & C. 618, 626 (1948); and 74 Pa. D. & C. 213, 218 (1950). In sustaining dismissal of the complaint the State Supreme Court recognized that its holding was in conflict with that of the Third Circuit in *Tobin* v. *Alstate Construction Co.,* 195 F. 2d 577. We granted certiorari because of this conflict. 344 U. S. 895.

We have today affirmed the Court of Appeals' judgment in the *Alstate* case, *ante,* p. 13. The reasons we gave for affirming that case require that this case be reversed because the state courts erred in holding that the complaint failed to set out a good cause of action under the Fair Labor Standards Act. Accordingly the

judgment of the Supreme Court of Pennsylvania is reversed and the cause remanded to that court for proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE FRANKFURTER and MR. JUSTICE DOUGLAS dissent for the reasons stated in the dissenting opinion in No. 296, *Alstate Construction Co.* v. *Durkin, ante,* p. 17.