DURKIN, Secretary of Labor v. MERCER WATER CO. et al.

Civ. A. No. 257.

United States District Court
W. D. Pennsylvania.

June 2, 1953.

---

Ernest N. Votaw, Philadelphia, Pa., for plaintiff.

.Lee C. McCandless, Butler, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the court on petition of the Secretary of Labor to enjoin defendants from violating Sections 15 (a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended, 29 U. S.C.A. § 201 et seq.

The issues posed are:

1. Whether salaried employees of the Mercer Water Company and the Mercer Gas, Light & Fuel Company, at their joint place of business within the City of Mercer, whose work involves clerical duties for both concerns, the filtration, sterilization and purification of water, including the installation and repair of meters and meter reading and the operation and maintenance of water lines and systems, and the receipt, storage and distribution of gas, both to industrial users who use such gas and water in the production of goods for commerce, are engaged "in commerce" or in "the production of goods for commerce" within the meaning of the Fair Labor Standards Act of 1938, as amended.

2. Whether the Mercer Water Company and the Mercer Gas, Light & Fuel Company are retail or service establishments within the meaning of Section 13(a) (2) of the Act.

3. Whether an injunction should issue.

Employees Campbell and Nelson worked as bookkeepers in which capacity they at various times posted accounts receivable and accounts payable for both Mercer Water Company and Mercer Gas, Light & Fuel Company and sent out bills to consumers.

Employees Nickum, Campbell, and Yeager were employed to install meters, read meters, repair lines, and maintain gas and water distribution lines; and maintain, operate, and repair water pumps and pumping stations; and to help in both phases of this work.

The gas purchased by the Mercer Walker Manufacturing Company from the defendant gas company is used in various furnaces in forging, preheat work, annealing, and heat treating in the manufacture of products, 90% of which regularly and recurrently moves in interstate commerce.

The products of the defendants' enterprises are also purchased by Reznor Manufacturing Company and are used in the actual manufacture of goods by the Reznor firm, which goods move regularly and recurrently in interstate commerce.

 By its terms, the Fair Labor Standards Act applies to all employees "engaged in commerce".

This does not require the employee to be directly engaged in commerce, nor does it require the employee to be engaged even in the production of an article which itself becomes the subject of commerce or transportation among the several states. It is enough that the employee be employed, for example, in an occupation which is necessary to the production of a part of any other articles or subjects of commerce of any character which are produced for trade, commerce or transportation among the several states. Roland Electrical Co. v. Walling, 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383; Tobin v. Alstate Construction Co., 3 Cir., 195 F.2d 577, affirmed Alstate Construction Co. v. Durkin, 345 U.S. 13, 73 S. Ct. 565.

I believe the defendants were engaged in the production of goods for commerce by furnishing water and gas to others who used said products in the manufacture of articles which were subjects of interstate commerce. Alstate Construction Co. v. Durkin, supra; Thomas v. Hempt Brothers, 345 U.S. 19, 73 S.Ct. 568.

Defendants' contention that they are exempt from the provisions of the Act pursuant to Section 13(a) (2), which exempts retail sales or service establishments, is without any basis in law. The courts have uniformly held that the exemption applies only to establishments of a retail character engaged in selling goods or services or both, such as grocery stores, filling stations, barber shops, and beauty parlors, and that the exemption must be deemed inapplicable to water and electric companies. Fleming v. A. B. Kirschbaum Co., 3 Cir., 124 F.2d 567.

Since substantial violations of the overtime and record-keeping provisions of the Fair Labor Standards Act have been demonstrated by the fair weight and preponderance of the evidence, it is my considered judgment that plaintiff is entitled to judgment enjoining and restraining defendants from future violations.

An appropriate order is entered.