**Fred Roth, Plaintiff-Appellee, v. Lake County Ready-Mix Company, Inc., Defendant-Appellant.**

**Gen. No. 10,710.**

Opinion filed February 10, 1954. Released for publication March 1, 1954.

FRANK M. DALY, of Waukegan, for appellant; J. E. BAIRSTOW, of Waukegan, of counsel.

McCLORY & BAIRSTOW, of Waukegan, for appellee; ROBERT McCLORY, and RICHARD R. BAIRSTOW, both of Waukegan, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

Fred Roth brought this action to recover overtime compensation, an equal amount as liquidated damages, and attorney fees under the Fair Labor Standards Act as amended (29 U. S. C. A., par. 207). The issues made by the pleadings were submitted to the trial court for determination resulting in a judgment in favor of the plaintiff and against the defendant for $990.56 and costs. To reverse that judgment, defendant appeals.

The record discloses that appellant is engaged in the ready-mixed-concrete business having two plants, one on Skokie Highway in Lake county and another at Crystal Lake. At these plants the concrete is mixed, poured into trucks, and delivered to various jobs to be used in the construction of buildings, roads, and other

purposes. At the peak of the season appellant employs between thirty and thirty-five persons as drivers of trucks and laborers in unloading sand and stone from cars and in operating conveyors which convey material to the mixing tower. On April 8, 1951, appellee entered the employment of appellant and continued to work for it until November 10, 1951. For the first eight weeks of his employment he received $1.85 per hour and the balance of the time appellant paid him $2.00 per hour. During this period of time appellant supplied its product of ready-mixed concrete to the E. A. Meyer Construction Company, which was engaged at that time in widening Skokie Highway near Waukegan and in erecting a concrete overpass over Route 176 on U. S. Route No. 12. The concrete for these purposes was delivered from both of appellant's plants, and appellee worked at both of these places. The overpass was a part of U. S. Route No. 12, which is an interstate highway. During the period of his employment appellee worked more than 400 hours overtime and received therefor his regular pay of either $1.85 per hour or $2.00 per hour.

The complaint alleged the employment of the plaintiff and averred that during the entire period of employment the defendant was subject to the terms and provisions of the Fair Labor Standards Act, being Sec. 207 of Chapter 8 of Title 29 U. S. C. A., which provides, in part, that the plaintiff shall be entitled to receive compensation for his employment in excess of forty hours per week at the rate of not less than one and one-half the regular rate at which he was employed. The complaint then charged that the defendant failed and refused to comply with the provisions of the Federal Act and, in so doing, became liable to pay overtime compensation at the rate of one and one-half times the regular rate and, in addition, an equal amount as liquidated damages, as provided by said Act. The

complaint then alleged that notwithstanding the violation of the Federal Act by the defendant and numerous demands by the plaintiff to the defendant to compensate the plaintiff as provided in the Act, the defendant failed or refused to pay the same or any part thereof to the damage of the plaintiff in the sum of $1,000.

By its answer, the defendant admitted the employment of the plaintiff as alleged but denied that it was subject to the terms of the Fair Labor Standards Act and alleged that the plaintiff agreed to accept straight time for all hours worked by him for the defendant and averred that it did not become liable to pay overtime compensation or liquidated damages and denied that it was guilty of any violation of any Federal Act. A reply to the defendant's answer was filed by the plaintiff in which he averred that he did not enter into any contract or agreement with the defendant to waive the provisions of the statute and alleged that he did not agree to accept straight time for all hours worked in the employ of the defendant.

The issues made by the pleadings were submitted to the court for determination and at the conclusion of the hearing the court found that the plaintiff was employed by the defendant and engaged in performing a part of the process of the production of ready-mixed concrete which was used in the construction of a bridge on U. S. Highway No. 12 and in widening Skokie Highway; that U. S. Highway No. 12 is an interstate highway carrying interstate traffic between Illinois and Wisconsin, and Skokie Highway is also an interstate highway running between the northern part of Illinois and Wisconsin carrying traffic between these two states; that the plaintiff, an employee of the defendant, was engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act and is entitled to receive one and one-half times his regular pay for each hour worked in excess of forty

hours per week amounting to $395.28 and under the law, plaintiff was also entitled to recover, an additional amount of $395.28 as liquidated damages, together with attorney fees of $200, making a total of $990.56.

Appellant insists that the evidence in this case dis-. closes only two isolated sales of concrete, one from its Crystal Lake plant to the Meyer Construction Company for the bridge on U. S. Route No. 12 and the other for widening Skokie Highway. Counsel argue that appellant's business is not the production of goods for commerce within the meaning of the Federal Act but that it is engaged in the production of a concrete mix, which by its very nature, hardens within a short period of time and that its business is therefore essentially local and limited to a given area.

*Alstate Construction Co. v. Durkin,* 345 U. S. 13, 97 L. Ed. 745, 73 S. Ct. 565, was an action by the Wage and Hour Administrator to enjoin Alstate Construction Company from violating the record-keeping provisions and overtime pay required by the Fair Labor Standards Act. It appeared that the Construction Company was a Pennsylvania road contractor that reconstructs and repairs roads, railroads, parkways and like facilities, in the State of Pennsylvania. It also manufactures a bituminous concrete road-surfacing mixture called amesite made from materials either bought or quarried in Pennsylvania and applied largely to Pennsylvania roads either by the Construction Company's employees or by its customers. The District Court granted the injunction and the Court of Appeals for the Third Circuit affirmed that decree and held that all of the Construction Company's employees were covered by the Act. In affirming that judgment the Supreme Court of the United States cited and commented upon *Overstreet v. North Shore Corp.,* 318 U. S. 125, 87 L. Ed. 656, 63 S. Ct. 494 and *Pedersen v. Fitzgerald Construction Co.,* 318 U. S. 740, 87 L. Ed.

1119, 63 S. Ct. 558, and, in the course of its opinion, said: "In the Overstreet and Pedersen cases, supra, we had to decide whether employees engaged in repairing interstate roads and railroads were 'in commerce.' In Overstreet we pointed out that interstate roads and railroads are indispensable 'instrumentalities' in the carriage of persons and goods that move in interstate commerce. We then held that because roads and railroads are in law and in fact integrated and indispensable parts of our system of commerce among the states, employees repairing them are 'in commerce.' Consequently he who serves interstate highways and railroads serves commerce. By the same token he who produces goods for indispensable and inseparable parts of commerce produces goods for commerce. We therefore conclude that Alstate's off-the road employees were covered by the act because engaged in 'production of goods for commerce.' "

█ In *Thomas v. Hempt Bros.*, 345 U. S. 19, 97 L. Ed. 751, 73 S. Ct. 568 the plaintiff sued his employer in a Common Pleas Court in Pennsylvania to recover overtime wages, liquidated damages and counsel fees under the provisions of the Fair Labor Standards Act. The complaint alleged that the defendant operated a stone quarry in Pennsylvania and uses the stone in manufacturing cement mixtures and then hauls the mixtures to its customers, the Pennsylvania Turnpike, the Pennsylvania Railroad Company, an airport, an army depot and a navy depot all located in Pennsylvania; that the concrete was processed for use by these customers for Pennsylvania projects; that the railroads used its concrete for the repair and maintenance of its roadbeds over which it operated interstate passenger and freight trains; that the Turnpike used its concrete for laying and building a highway over which flows commerce between the States; that the airport used concrete to build and erect landing fields to ac-

commodate the flow of airplanes in interstate commerce and that other purchasers used their concrete on projects which aided the flow of commerce. The trial court held that the complaint did not state a cause of action and rendered judgment for the defendant which judgment the Supreme Court of Pennsylvania affirmed. The Supreme Court of the United States reaffirmed its holding in *Alstate Construction Co. v. Durkin, supra,* reversed the judgment of the Supreme Court of Pennsylvania and held that the plaintiff was engaged in the .production of goods for commerce and covered by the Federal Act. We are unable to distinguish the facts in the instant case from the facts in these Federal Cases and must conclude that the provisions of the Fair Labor Standards Act are applicable.

It is also insisted by appellant that the complaint will not support the judgment in this case. Counsel state that an employee, seeking to recover overtime wages under this Federal Act is required to allege (1) that he was engaged in the production of goods for interstate commerce or that his labor was concerned with some process or occupation necessary to the production thereof and (2) that he worked more than forty hours per week. Counsel state that in the instant case the complaint alleges no facts about any connection of the plaintiff or the defendant with interstate commerce nor is it averred that the plaintiff worked in excess of forty hours in any one week. Counsel cite and rely upon *Schneider & Son v. Justice,* 293 Ky. 126, 168 S.W.2d 591. That case was decided by the Court of Appeals of Kentucky on February 5, 1943, ten years before the Supreme Court of the United States decided the *Alstate* or *Thomas* cases hereinbefore referred to. In the Kentucky case the complaint did not aver that the business conducted by defendant was interstate business or that the production of any such

294

enterprise was to be used in interstate commerce, nor did it aver that the particular kind or nature of employment that plaintiff performed was essential to or a part of any such interstate commerce. In the instant case the complaint alleged, among other things, the employment of the plaintiff by the defendant and averred that during the period of his employment defendant was subject to the provisions of the Fair Labor Standards Act, and his complaint recited the applicable provisions of that Act. It then charged that the defendant refused to comply with the provisions of the Act and thereby became liable to pay overtime compensation and liquidated damages as provided in the Act. Appellant never challenged the sufficiency of the allegations of the complaint by any motion or raised this question in the trial court but filed an answer denying the application of the provisions of the Federal Act and alleging that if its provisions were applicable, the parties had agreed to waive them. To this answer the plaintiff replied denying any agreement to waive the provisions of the Act.

Even before the adoption of the present Practice Act it was said in *Lincoln Park Coal Co. v. Wabash Ry. Co.*, 338 Ill. 82, at page 87: ". . . at the present time in this state many of the niceties and technicalities of ancient pleading have been abandoned and all that is now necessary in the statement of a plaintiff's claim in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff."

■ Section 33 of the present Civil Practice Act provides that all pleadings shall contain a plain and concise statement of the pleader's cause of action, and Section 42 of the same Act states:

"No pleading shall be deemed bad in substance which shall contain such information as shall reasonably in-

form the opposite party of the nature of the claim or defense which he is called upon to meet.

"(3)   All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived." (Ill. Rev. Stat. 1951, chap. 110, par. 157, sec. 33, par. 166, sec. 42 [Jones Ill. Stats. Ann. 104.033, 104.042].) The allegations of the instant complaint informed appellant of the nature of appellee's claim and appellant treated it as sufficient and he cannot now be permitted to contend otherwise.

The judgment of the trial court is sustained by the evidence and the applicable law and that judgment will be affirmed.

*Judgment affirmed.*