MITCHELL, Secretary of Labor, United States Department of Labor

v.

CHAMBERS CONST. CO.

No. 4796.

United States Court of Appeals
Tenth Circuit.

July 8, 1954.

Bessie Margolin and Morton J. Marks, Washington, D. C. (Stuart Rothman and Sylvia S. Ellison, Washington, D. C., on the brief), for appellant.

John U. Loomis, Cheyenne, Wyo., and Max Kier, Lincoln, Neb., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant brought this action to enjoin the appellee from violating the overtime and record-keeping provisions of the Fair Labor Standards Act. 29 U.S.C.A. §§ 207(a), 211(c) and 215(a) (2, 5). The trial court held the Act inapplicable to the employees of appellee, but that in any event, since the operations had been completed and further work "entirely problematical", there was no cause for injunctive relief. This appeal is from a judgment dismissing the complaint.

The material facts are that the appellee entered into a contract with the City of Cheyenne, Wyoming, for the construction of a reservoir and chlorinator house, which, when completed would augment the city's water system. In addition to the concrete reservoir and a chlorinator house, the contract called for the construction of a connecting pipe line from existing wells and reservoirs to the new reservoir and through the chlorinator house. At the same time, the city undertook the construction of a pipe line from the new reservoir and chlorinator house to connect with its existing distribution system within the corporate limits. The new reservoir and chlorinator house were located about five and one-half miles from the city in a pasture, no portion of which had ever been connected or used as a part of the city's water system. The reservoir, chlorinator house and connecting lines were completed under the contract in October, 1951. They were not connected with the city's water system until June, 1952, due to the delay in the completion of the line constructed by the city from the reservoir to the point of intake for distribution.

The city furnishes large quantities of water to employers engaged in

commerce and in the production of goods for commerce. And, we know that employees engaged in an occupation directly essential to the production of goods for commerce are themselves engaged in the production of goods for commerce. Alstate Const. Co. v. Durkin, 345 U.S. 13, 73 S.Ct. 565; Thomas v. Hempt Bros., 345 U.S. 19, 73 S.Ct. 568; Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118; Walling v. Amidon, 10 Cir., 153 F.2d 159; Durkin v. Mercer Water Co., D.C., 112 F.Supp. 656, affirming Mitchell v. Mercer Water Co., 3 Cir., 208 F.2d 900. We also know that workmen engaged in repairing, replacing, enlarging or improving an existing interstate facility are covered by the Act as employees engaged in commerce. See Moss v. Gillioz Const. Co., 10 Cir., 206 F. 2d 819, and cases cited. On the other hand, it is equally plain that employees engaged in the original construction of a project or facility not yet dedicated to the channels of commerce or to the production of goods for commerce are not within the coverage of the Act, even though the facility or project, when completed, will be in the channels of interstate commerce or utilized in the production of goods for commerce. The question in each case is governed by the facts. Somewhere between the black and the white are factual shades of gray, and adjudicated cases serve only to add to the catalogue of colors from which we choose a shade to match our own.

The trial court was of the view that the reservoir and chlorinator house constituted entirely new construction, to be used by the city in augmenting its water supply with entirely different connection from the new facility to the distribution system, to be constructed by the city. The court seemed to lay emphasis on the fact that since the contract did not include a connecting pipe line between the new construction and the existing system, the employees of the appellee were too far removed from the channels of commerce to be within its farthest reaches or engaged in an occupation directly essential to the production of goods for commerce.

■ The appellant earnestly and plausibly contends that the project to augment the city's water supply was no more than an addition to or an enlargement of an existing water system to meet its expanding needs, and the fact that it was physically removed from the existing system and was not immediately connected to the distribution system as an integral part of it, was immaterial. And, we are inclined to agree.

■ But, whether the trial court unduly restricted the new construction concept of coverage on these facts is not decisive of the ultimate question whether the trial court abused its discretion in denying an injunction. This case does not involve wages and hours of employees; the prayer is for injunctive relief, a matter within the equitable cognizance of the court. Coverage under the Act does not ipso facto require the court to grant an injunction against future violations, even in the face of past violations. The trial court is empowered to mold each decree to the necessity of each case. Walling v. Mid-Continent Pipe Line Co., 10 Cir., 143 F.2d 308; Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395. "His discretion is necessarily broad and a strong showing of abuse must be made to reverse it." United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 898, 97 L.Ed. 1303. The purpose of an injunction in a case of this kind is to prevent future violations in the public interest, not to punish for past transgressions. Equity will not do a useless or vain thing, and in the absence of some likelihood or probability that the violations will recur, the court is fully justified in refraining from entering an empty decree. See United States v. W. T. Grant Co., supra.

■ This case is unlike situations where an employer regularly engaged in work covered by the Act voluntarily desists when brought to book, as in Walling v. Haile Gold Mines, 4 Cir., 136 F.2d 102;

Lenroot v. Interstate Bakeries Corp., 8 Cir., 146 F.2d 325; Walling v. Helmerich & Payne, 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29. Here, the project has been completed. There was no showing that the employer would have another contract of this kind or any other kind. The trial court found in effect that there was no likelihood of the appellee engaging in any similar kind of work, and we cannot say that finding of the court is not supported by the record. It is not clearly erroneous, and the judgment is affirmed.