James P. **MITCHELL**, Secretary of Labor, Plaintiff,

v.

**MORMANDO BROS. CO., Inc.,** Angelo Mormando and Thomas Mormando, **Defendants.**

United States District Court
S. D. New York.
Sept. 19, 1955.

---

Stuart Rothman, Sol., Washington, D. C., John A. Hughes, Regional Atty., New York City, Joseph D. Breitbart, Asst. Regional Atty., U. S. Dept. of Labor, New York City, for plaintiff, Joseph D. Breitbart, New York City, of counsel.

Frank L. Coppola, New York City, for defendants.

HERLANDS, District Judge.

This is an action to enjoin defendants permanently from violating the provisions of Section 15(a) (1, 2, 5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215(a) (1, 2, 5).

Plaintiff charges that defendant company is a New York corporation engaged in the production, sale and distribution of salvaged materials; that the individual defendants are, within the meaning of the Act, the "employers" responsible for the keeping of records and discharge of duties imposed by the Act; and that defendants are engaged in the production of goods intended for interstate commerce within the meaning of the Act.

Plaintiff further asserts that defendants have violated the Act in that they have failed to maintain adequate records of wages and hours, Sections 11(c), 15 (a) (5); and that they have shipped

goods in interstate commerce in the production of which a number of their employees were employed in violation of Section 7 of the Act. These violations constitute the gravamen of plaintiff's application, although the amended complaint amplifies the same by alleging that the acts charged violate other provisions of the Act as well.

Plaintiff now moves this Court for a preliminary injunction enjoining defendants from violating the provisions of Section 15(a) (1, 2, 5) of the Act, by: (1) their employing any of their workers for a work week longer than forty hours at a rate not less than one and one-half times the regular rate at which employed; (2) their shipping goods with knowledge that delivery in interstate commerce is intended, and produced by employees not compensated in accordance with the Act's overtime provisions; and (3) their failure to keep adequate records of employees' wages and hours and of other conditions of employment, as prescribed by the Act (as implemented by Title 29, Chapter V, Code of Federal Regulations, Part 516).

■ This Court makes the following findings of fact: that defendants are engaged in the production of goods for interstate commerce because at least one of defendant's customers does at least seventy-five per cent of its total volume of business in interstate commerce; that defendants' employees have not been paid in accordance with the statutory specifications for overtime pay, as is evident from the investigator's examination of the defendant company's records and the sworn affidavits of its employees; and that the records being kept by the defendant company do not comply with the provisions of the Act.

■ Upon the records, papers and affidavits submitted, this Court concludes that the preliminary injunction should issue. Plaintiff has adduced sufficient evidence to warrant a provisional restraint pending the ultimate resolution of the injunction action. Such evidence demonstrates the defendants' commission of serious abuses requiring the issuance of an interlocutory injunction. In view of the overwhelming preponderance of plaintiff's proof, this Court does not believe that it is resolving substantial issues of fact. Thus, defendants' opposing affidavit states:

(1) Defendant company has always paid its employees at the statutory rate for overtime work. (Directly refuting this assertion is the report of the investigator and the affidavits of defendants' employees.)

(2) Defendant company has always kept and prepared adequate records of employees' wages and hours. (Directly refuting this assertion is the time sheet submitted by the investigator demonstrating conclusively that the records do not coincide as to hours and wages.)

(3) Defendants' employees were fully compensated and would not have accepted less. (Directly refuting this assertion are the affidavits of said employees to the effect that their wages were computed on a straight per week basis in diregard of the actual hours worked each week.)

■ It is well settled, contrary to the view urged by defendants, that the element of "good faith" is immaterial in proceedings under the Act. Walling v. Richmond Screw Anchor Co., 2 Cir., 1946, 154 F.2d 780, certiorari denied 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640.

■■ Violations of overtime and record-keeping provisions of the Act constitute grounds for the granting of an injunction. Walling v. West Ky. Coal Co., D.C.Tenn.1944, 60 F.Supp. 681. Where such violations are proved, it is sufficient that the record establishes that defendants either are engaged in interstate commerce or are engaged in the production of goods for interstate commerce. Walling v. McCrady Construction Co., 3 Cir., 1946, 156 F.2d 932. Finally, the granting of the preliminary injunction is not dependent upon the presentation of uncontradicted evidence. It is sufficient—even where a final injunction is involved—that substantial violations of the record-keeping and overtime provi-

sions of the Act be made out "by the fair weight and preponderance of the evidence". Durkin v. Mercer Water Co., D.C.Pa.1953, 112 F.Supp. 656, 658, affirmed Mitchell v. Mercer Water Co., 3 Cir., 1953, 208 F.2d 900.

The motion is granted. Settle order on notice.