**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

**v.**

**G & W PACKING COMPANY and T. L. Weeks, Appellees.**

**No. 8999.**

United States Court of Appeals
Fourth Circuit.

Argued Sept. 30, 1963.

Decided Dec. 4, 1963.

and transport the offal to its plant in Gastonia, North Carolina. The sales of hides and offal amounted to 2% of G & W's business.

■ The evidence shows that the time spent each week by the two slaughter room employees on work relating to the interstate aspects of G & W's business was substantial. The sales and shipments of hides and offal were not sporadic and occasional, but a regular part of the business. It is immaterial that those items represented only a small portion of G & W's total sales. Mabee v. White Plains Pub. Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607; Crook v. Bryant, 4 Cir., 265 F.2d 541; Walling v. Peoples Packing Co., 10 Cir., 132 F.2d 236, cert. den. 318 U.S. 774, 63 S.Ct. 831, 87 L.Ed. 1144; Tilbury v. Rogers, W.D.La., 123 F.Supp. 109, aff'd sub nom. Tilbury v. Mitchell, 5 Cir., 220 F.2d 757, cert. den. 350 U.S. 839, 76 S.Ct. 77, 100 L.Ed. 748. Nor is it material that the hides were not shipped out of the State by G & W, but were processed in the same State by its customer (Baron) and then shipped in interstate commerce, if defendants knew or had reason to expect that this would occur. Bracey v. Luray, 4 Cir., 138 F.2d 8. Defendants certainly knew not later than the time of the trial that the hides were being shipped by Baron in interstate commerce, and knew at all times that the offal was being carried directly from the G & W plant into North Carolina. It follows that the two slaughter room employees are covered by the Act.

■ It does not follow that an injunction should have been granted. The investigator had told representatives of G & W that all but one of its seventeen employees were covered. The district court held that none was covered, and the Secretary has appealed only as to two of the twelve. The Secretary's argument that "this is not a case in which the applica-

Jacob I. Karro, Atty., U. S. Dept. of Labor (Charles Donahue, Sol., Bessie Margolin, Assoc. Sol., Caruthers G. Berger, Atty., and Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, on brief), for appellant.

O. G. Calhoun, Jr., Greenville, S. C. (John Marion, York, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and THOMSEN, District Judge.

THOMSEN, District Judge.

This action was filed by the Secretary of Labor to enjoin a South Carolina packing company (G & W) and its president (Weeks) from alleged violations of the Fair Labor Standards Act [1] with respect to twelve of its employees, two of whom worked in the slaughter room and the others in the meat cutting, boning and packing operations. The district judge held that none of the employees was covered by the Act, and that even if any were covered, the circumstances did not call for the issuance of an injunction. The Secretary has appealed from the decision only insofar as it relates to the two employees in the slaughter room.

The duties of those two employees consisted of slaughtering hogs and cattle, removing the hides and offal from the slaughtered cattle, salting the hides, packing the offal into barrels and moving the carcasses to the cooling rooms. It does not appear that any part of the hogs was ever shipped outside South Carolina, but the hides of the cattle were purchased by one Nat Baron, who shipped them to out-of-state tanneries, and the offal was purchased by Carolina Processing Co., which sent its truck to pick up

[1]. Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended by the Fair Labor Standards Amendments of 1949, c. 736, 63 Stat. 910, 29 U.S.C. § 201, et seq.

The Amendments of 1961 are not pertinent. The complaint charges violation of sections 6, 7, 11(c), 15(a) (1), 15(a) (2), 15(a) (4) and 15(a) (5) of the Act.

tion of the Act was a doubtful question of law" is scarcely warranted. The defendant Weeks invited this action to determine which if any of the employees were covered, and stated that defendants would comply fully with the Act if and to the extent that the Court found the Act applicable.

"The purpose of an injunction in a case of this kind is to prevent future violations in the public interest, not to punish for past transgressions." Mitchell v. Chambers Const. Co., 10 Cir., 214 F.2d 515, 517. See also Tobin v. Alma Mills, 4 Cir., 192 F.2d 133, 136. We will not direct the district court to issue an injunction, but will remand the case, so that the district judge may issue an injunction if defendants do not promptly comply with the Act as construed in this opinion.

Modified and remanded.