326 F.2d 838
 William M. BUCKLEY, Duane J. Buckley, and M. T. Buckley,
partners, doing business as American Cornice
Works, and Buckley Construction
Industries, Appellants,
v.
W. Willard WIRTZ, Secretary of Labor, United States
Department of Labor, Appellee.
 No. 7382.
 United States Court of Appeals Tenth Circuit.
 Jan. 20, 1964.
 
 Paul R. Kitch, Wichita, Kan. (Wayne Coulson, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Hugo T. Wedell, and Homer V. Gooing, Wichita, Kan., on the brief), for appellants.
 Jacob I. Karro, Atty., U.S. Dept. of Labor (Charles Donahue, Sol., Bessie Margolin, Assoc., Sol., Isabelle R. Cappello, Atty., and Harper Barnes, Regional Atty., on the brief), for appellee.
 Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This is an action commenced by the Secretary of Labor pursuant to 29 U.S.C. 217 to enjoin the appellants from violating the Fair Labor Standards Act, 29 U.S.C. 201-219, and more particularly to enjoin the violation of the overtime compensation provisions and of the record keeping provisions of the Act. At the time of trial appellants admitted the Act was applicable to their business, and there remained the sole question as to whether or not an injunction should issue. The trial court enjoined the appellants, and they have taken this appeal.
 
 
 2
 The facts were for the most part agreed upon by the parties, and the record shows that in 1957 an investigator of the Wage and Hour Division of the United States Department of Labor Examined the appellants' records and methods of payment, and determined that they were then violating the record keeping and overtime pay requirements of the Act. Appellants then paid the back wages so determined to be due and apparently otherwise conformed to the requirements of the Act. In 1961 a second investigation was conducted and the investigator again determined that the appellants were not keeping the proper and correct records of overtime work, and were violating the overtime pay provisions of the Act. This suit arose from this investigation. The appellants have paid the back wages in accordance with the Act and otherwise conformed.
 
 
 3
 As indicated above, the only question before the trial court, and the only question on this appeal is whether or not the issuance of an injunction was proper. Unlike typical cases of this character, the answer is not to be reached by considering whether the trial court exceeded the bounds of its discretion. Instead the case is one where the trial court felt it had no discretion.
 
 
 4
 The trial court prepared a memorandum of opinion which includes findings of fact, conclusions of law, and its judgment. This opinion clearly and concisely sets out the facts and the issues before the court. It also states that the court considered that its discretion was removed by the fact that the appellants had previously been found in violation of the Fair Labor Standards Act. The court felt compelled by the existence of this previous offense to issue the injunction. The trial court in the last portion of this memorandum states, 'we are constrained to hold that the trial courts discretion is limited by the rule of 'one free offense." The court in its memorandum also states, 'we would be less than forthright if we said that the Secretary showed the necessity of restraining irreparable mischief other than that the employer had previously had his 'one unexplained offense,' and had thereafter been in violation in the instances mentioned, * * *'
 
 
 5
 In Mitchell v. Chambers Construction Co., 214 F.2d 515 (10th Cir.), where injunctive relief was sought, we stated, 'coverage under the Act does not ipso facto require the court to grant an injunction against future violations, even in the face of the past violations. The trial court is empowered to mold each decree to the necessity of each case.' It is also clear that the purpose of an injunction under the Act is not to punish for past violations, but to prevent future violations, in the public interest. Mitchell v. Hertzke, 234 F.2d 183 (10th Cir.). The standards or elements to be considered by the trial court are discussed in Mitchell v. Hertzke, supra, Mitchell v. Chambers Construction Co., supra, Walling v. Mid-Continent Pipe Line Co., 143 F.2d 308 (10th Cir.), Walling v. Rutherford Food Corp., 156 F.2d 513 (10th Cir.), affirmed 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772, and in Walling v. Shenandoah-Dives Mining Co., 134 F.2d 395 (10th Cir.). The United States Supreme Court in United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303, likewise stated the elements to be considered, and stated that the court's determination must be based upon all the circumstances and that this discretion is necessarily broad. The Court went on to say, 'to be considered are the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the violations.'
 
 
 6
 In Wirtz v. Young Electric Sign Co., 315 F.2d 326 (10th Cir.), we considered an appeal where the trial court had summarily disposed in a pretrial conference of a complaint for an injunction in which there were alleged repeated and continued violations. We there stated that the basis of every judgment must be reflected in the record, and that it could not be determined from the record before the court the basis in law or in fact for the action of the trial court. It was stated that the trial court's action may have indicated that it felt that proof of previous violations would not affect at all the injunctive proceedings and thus an injunction would be denied even if the alleged violations were proved. We then stated, 'if so premised, the judgment is faulty for summary disposition requires the total absence of a disputed material issue of fact.' The only matter considered by the court was the summary disposition of the case in the face of alleged violations, and no other elements were before the court other than perhaps the fact that the defendant was then in compliance. Since the only matter considered was that of previous violations, it was indicated that these violations should be examined as to their number, nature and extent. No limitation was placed upon the consideration by a trial court of the many other factors which may from time to time be present in an action of this nature, as there were in the case at bar.
 
 
 7
 The existence of one prior violation does not serve to eliminate nor to circumscribe the trial court's broad discretion in evaluating the elements that were present before it in the case at bar. The trial court was in error in considering that its discretion was 'limited by the rule of 'one free offense."
 
 
 8
 Reversed and remanded for a new trial.