George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOB JOHNSON MEAT CO., a corporation, Defendant.

Civ. A. No. 68–1676–TC.

United States District Court
C. D. California.

Dec. 8, 1969.

John M. Orban, Assoc. Regional Solicitor, Theresa Kalinski, Atty., U. S. Dept. of Labor, Los Angeles, Cal., for plaintiff.

Henry Himmelfarb, Los Angeles, Cal., for defendant.

———◆———

## OPINION

THURMOND CLARKE, Chief Judge.

This action is brought under the Fair Labor Standards Act. Defendant is a corporation engaged in wholesale and retail sale of meat and related products, its business being carried on principally in Los Angeles County. The Secretary of Labor seeks to enjoin the firm from violating Sections 15(a) (1) and 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), relating to overtime compensation and to shipment in commerce of goods produced in violation of the overtime provisions. The Secretary further seeks to enjoin defendant from withholding payment of amounts found to be due 19 employees as overtime compensation.

The parties have stipulated that defendant's gross sales have amounted to more than $1,000,000 a year for the years in question (1966–1969). Defendant does not contest the amounts alleged to be due the employees should this court find in plaintiff's favor.

Four basic questions remain for decision:

1. Were goods which were produced, handled, or otherwise worked on by defendant's employees, shipped, delivered to, or sold in, points outside the State of California, thereby bringing such employees within coverage of the Act?

2. Was defendant's business operation an enterprise within the meaning of Section 3(r) of the Act?

3. Did releases signed by certain employees constitute valid settlement of amounts due in back wages?

4. Should an injunction issue?

During the period in question, defendant operated its wholesale and retail businesses at the same address. Employees in the wholesale division worked five days a week; those in the retail division, six days. An employee working more than 40 hours a week within his division was paid one and one-half times his regular wage for hours in excess of 40.

Frequently a butcher employed in the wholesale division would put in a full work week there, then work a day in the retail division at his own request. He would be paid a regular hourly wage for the sixth day's work, without additional compensation for overtime. At issue here is the question of overtime pay for the sixth day.

Defendant's meat purchases and sales were made within the State of California. As part of the meat-cutting operation, suet, bones, and other inedible portions of the animal carcasses were col-

lected daily and sold to California Rendering Company. The rendering company converted the by-products into tallow and meat-and-bone meal. Approximately 43 per cent of the tallow was shipped to points outside the state. The rendering company sold a small portion of the by-products to a manufacturer of pet food; that manufacturer shipped approximately 30 per cent of its output to points outside California.

■ The fact that the by-products were introduced into interstate commerce only indirectly is not determinative of the question of applicability of the act, as long as defendant knew or had reason to know that such by-products would ultimately go into commerce. Wirtz v. G & W Packing Company, 324 F.2d 802 (4th Cir. 1963); Goldberg v. Everbest Meat Products, Inc., 199 F.Supp. 533 (Fla.1961); Tilbury v. Rogers, 123 F. Supp. 109 (La.1954), aff'd 220 F.2d 757 (5th Cir. 1955), cert. denied 350 U.S. 839, 76 S.Ct. 77, 100 L.Ed. 748 (1955).

Numerous authorities hold the Fair Labor Standards Act covers slaughterhouse workers whose job is to remove hides and inedible portions from carcasses, the portions later being introduced into commerce. Wirtz v. G & W Packing Company, supra; Goldberg v. Everbest Meat Products, Inc., supra; Walling v. Peoples Packing Co., 132 F.2d 236 (10th Cir. 1942), cert. denied 318 U.S. 774, 63 S.Ct. 831, 87 L.Ed. 1144 (1942).

■ The present action concerns employees whose principal work was preparing meat cuts for customers; cutting out and rejection of waste was only an incidental part of the operation. It is the opinion of the court that the Act is sufficiently broad to bring such workers within its protection. See Tilbury v. Rogers, supra, 123 F.Supp. at p. 113, wherein the court stated:

"Since practically all of the working time of defendant's butchers and boners is indirectly involved in the production of bones and other inedibles—this being 'production of goods for commerce'—while they simultaneously and directly are preparing meat cuts for defendant's customers, we have no alternative but to hold that the work of these employees 'in commerce' is 'substantial', and their wage payments are subject to the Act."

■ The by-products constituted only a small portion of defendant's business; over a two-year period, sales to California Rendering Company amounted to $36,196.88. Nevertheless, such sales are not to be disregarded in determining applicability of the Act. The de minimus rule has no relevance here. Mabee v. White Plains Publishing Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607 (1946); Walling v. Peoples Packing Co., supra; Tilbury v. Rogers, supra.

■ The court finds the wholesale and retail divisions of defendant's business were so closely allied as to require aggregation of the hours worked for purposes of the overtime provisions of the Act. Wirtz v. Hebert, 368 F.2d 139 (5th Cir. 1966).

■ Defendant has submitted releases purporting to settle overtime claims of certain employees. Such rights cannot be bargained away by settlement, even though the parties acted in good faith. Schulte Co. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208 (1946).

An injunction will issue as prayed for in the complaint. Wirtz v. Milton J. Wershow Co., 416 F.2d 1071, 9th Cir., September 18, 1969.

Counsel for plaintiff will prepare findings of fact and conclusions of law and judgment consistent herewith.