GUARDIAN FIRE INS. CO., OF PENNSYLVANIA, v. CENTRAL GLASS CO., Limited.

CENTRAL GLASS CO., Limited, v. GUARDIAN FIRE INS. CO., OF PENNSYLVANIA.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1912. Rehearing Denied March 12, 1912.)

Nos. 2,218, 2,258.

1. APPEAL AND ERROR (§ 701*)—REVIEW—INSTRUCTIONS.

A particular portion of the charge of the court cannot be reviewed in an appellate court, where the bill of exceptions fails to show whether or not there was an issue or state of facts to which it was applicable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2933–2935; Dec. Dig. § 701.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. APPEAL AND ERROR (§ 975*)—TRIAL (§ 303*)—REVIEW—MATTERS OF DISCRETION.**

Permitting the separation of the jury before verdict in a federal court is a matter wholly within the discretion of the court, and error cannot be predicated on it, unless based on misconduct adversely affecting a fair trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3844; Dec. Dig. § 975;* Trial, Cent. Dig. § 724; Dec. Dig. § 303.*]

**3. INTEREST (§ 21*)—VERDICT—ALLOWANCE OF INTEREST.**

Under Civ. Code La. art. 1938, and Code Proc. La. art. 554, interest may properly be allowed on the amount of a verdict, where it contains no provision therefor.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 42; Dec. Dig. § 21.*]

**4. INSURANCE (§ 602*)—ACTION ON POLICY—STATUTORY PENALTIES.**

Act La. No. 168 of 1908, providing for the allowance of 12 per cent. damages and attorney's fees against insurance companies on recovery against them, where they failed to pay a policy within a stated time has no application to actions on policies issued prior to its passage.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. § 602.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action at law by the Central Glass Company, Limited, against the Guardian Fire Insurance Company, of Pennsylvania. Judgment for plaintiff, and both parties bring error. Affirmed.

Donelson Caffery, Lamar C. Quintero, Philip S. Gidiere, and J. C. Hollingsworth, for plaintiff in error.

Henry L. Lazarus and Eldon S. Lazarus, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

## In No. 2,218.

PARDEE, Circuit Judge. The first assignment of error, relating to the exclusion of the evidence of Joseph G. Weckerling, is not well taken: (1) Because the bill of exceptions does not show that the ratio between the cost of labor and the cost of material, either in said Weckerling's business or normally in such line of business, was material to any issue in the case. (2) The ruling of the court excluding the evidence of witness' individual experience in relation to ratio of labor to material in carrying on the glass business for his own account was correct.

The second assignment of error, complaining of the refusal of the trial judge to permit Mr. St. Paul to testify to what Mr. Marcuse, former president and bookkeeper, testified, in a previous case in a state court, as to what the books of the Central Glass Company showed as profits of 1907, is not well taken, because the bill of exceptions does not show that such matter was either relevant or material to any issue in the case.

[1] The third assignment of error complains of a certain portion of the charge of the court; but the bill of exception shows no issue or state of facts for us to judge whether the matter complained of was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relevant or material, or in any wise bore on any of the issues in the case. If we look into the pleadings, and find an issue as to whether the plaintiff presented and kept complete and itemized inventories as provided for in the contract, and that the claim is made that an entry of "Salvage glass, $2,500," is not a sufficient itemizing under the contract for such a quantity of broken glass and then assume, as counsel do, that there was evidence showing or tending to show that the inventory presented by the plaintiff contained the gross item of "Salvage glass, $2,500," and that the same was made up of glass which could have been classified and itemized with more particularity, and thus furnish a better idea of the quantity and value of the glass included under the item, still we find no reversible error, if error at all, in the definition the trial judge in his charge gave of the words "a complete, itemized inventory," as used in the iron safe clause in the policy in suit.

[2] The fourth assignment of error relates to the separation of the jury before verdict, which was a matter wholly within the control of the court below, and upon which no error can be predicated, unless based upon misconduct adversely affecting a fair trial. As we read the bill of exceptions, there was no unauthorized separation of the jury.

[3] It was not error to allow interest on the judgment from the date of verdict and judgment. C. C. La. art. 1938; C. P. La. art. 554.

## In No. 2,258.

The claim for statutory interest of 5 per cent. from judicial demand was correctly refused by the court below.

[4] Act No. 168 of 1908 was not intended to have, and cannot have, any retroactive effect, and therefore cannot be applied in this case, where the policy sued on was issued prior to the passage of said act.

The judgment of the Circuit Court is affirmed, with costs, on both writs of error.