## LOUISIANA & ARKANSAS RY. CO. v. PRATT.

### No. 10879.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1944.

T. W. Holloman, of Alexandria, La., and A. L. Burford, of Texarkana, Tex., for appellant.

Byron D. Bullock, of Shreveport, La., and S. P. Jones, of Marshall, Tex., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

Louis Pratt brought this suit under the Federal Employers' Liability Act[1] to recover damages for personal injuries sustained by him in the course of his employment as a switchman for the Louisiana & Arkansas Railway Company. The trial resulted in a jury verdict in favor of Pratt for $5,000, but the court entered judgment non obstante veredicto for the defendant. On appeal, the judgment was reversed, and the cause remanded with instructions that judgment be entered upon the verdict.[2]

The judgment entered pursuant to the mandate provided for interest upon the amount thereof from the date of judicial demand, in accordance with Louisiana Act 206 of 1916, which provides that legal interest shall attach from date of judicial demand in all judgments sounding in damage ex delicto rendered by any of the courts of Louisiana. The correctness of that part of the judgment awarding interest from judicial demand is the sole issue raised on this appeal.

In all actions for personal injuries brought under the Federal Employers' Liability Act, the remedy given by that statute is exclusive, and all state laws are superseded in so far as they attempt to cover the same field.[3] At the time the Act was enacted, interest was not allowable on claims for personal injuries until the amount of damages had been judicially ascertained. This was upon the theory that no debt was due prior thereto or that interest was a part of the damages and was merged therewith in the amount awarded.[4]

The Act itself contains no provision with respect to interest, and the measure of damages in actions under it, being inseparably connected with the right of action created, must be settled according to general principles of law as administered in the federal courts at the time of enactment,[5] except as modified by Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The item of accrued interest presents a question of substantive law.[6] We

---

[1] 45 U.S.C.A. § 51 et seq.

[2] 135 F.2d 692.

[3] In re Second Employers' Liability Cases (Mondou v. New York, N. H. & H. R. Co.), 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44; Wabash Ry. Co. v. Hayes, 234 U.S. 86, 34 S.Ct. 729, 58 L.Ed. 1226; Seaboard Air Line Ry. Co. v. Thornton, 238 U.S. 606, 38 S.Ct. 96, 62 L.Ed. 299; Seaboard Air Line Ry. Co. v. Kenney, 240 U.S. 489, 36 S.Ct. 458, 60 L.Ed. 762; Chicago, M. & St. Paul Ry. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041.

[4] Burrows v. Lownsdale, 9 Cir., 133 F. 250; The Argo, 9 Cir., 210 F. 872; Louisville & N. R. Co. v. Wallace, 91 Tenn. 35, 17 S.W. 882, 14 L.R.A. 548; Saliba v. Saliba, 178 Ark. 250, 11 S.W. 2d 774, 61 A.L.R. 1348; 15 Am.Jur., pages 586-588; Byington v. Lemmons, Fed.Cas.No.2,264a. Cf. Mobile & N. O. R. Co. v. Williams, 221 Ala. 402, 129 So. 60.

[5] Chesapeake & Ohio R. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, L.R.A.1917F, 367; Conflict of Laws, Restatement, Sections 412 (a) and (b).

[6] Goodrich, Conflict of Laws, Sec. 91; 44 Harvard Law Review, 105, note 14; 12 Am.Jur., pages 63 and 64.

think, therefore, that the silence of the federal statute upon the subject of interest may not be construed as leaving the subject unlegislated upon in the Act, but is indicative of the considered purpose that no interest should be allowed in such actions prior to verdict. Since the Act is exclusive, state statutes upon the measure of damages, including Louisiana Act 206 of 1916, are superseded in so far as they are in conflict.[7]

The determination that interest was not properly allowable from date of judicial demand gives rise to the inquiry as to the date from which it should begin to run. The only applicable federal statute, Section 966 of the Revised Statutes, provides that interest shall be allowed from date thereof on all judgments in civil causes recovered in a district court.[8] Under this statute, as appellant admits, appellee was entitled to interest at least from the date of entry of judgment on the mandate. It has been held to be within the equity of Section 966 of the Revised Statutes to award interest from the date of the verdict where, without fault of the plaintiff, an appreciable time has elapsed between the rendition of the verdict and the entry of the judgment.[9] Moreover, Rule 58 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that, unless the court otherwise directs, judgment upon the verdict of a jury shall be entered forthwith by the clerk. Under said rule, the date of the verdict and the date when the judgment should have been entered are the same in this case. For these reasons, we conclude that plaintiff below was entitled to interest from the date judgment should have been entered as required by said Rule 58. Such award is within the equity of the federal interest statute on judgments, and is not inconsistent with the Federal Employers' Liability Act.

The judgment appealed from is reversed, and the cause remanded to the district court with instructions to enter judgment for the amount awarded by the jury with interest thereon from the date of the verdict.

The writer has another reason, not shared in by his associates, for the allowance of interest from date of the verdict, which is that the state interest statute is not superseded by the Federal Employers' Liability Act except for the period extending from the date of judicial demand to date of the verdict. I realize that there is authority for allowing interest under the so-called equity of the federal interest statute,[10] but why resort to the equity of a federal statute when there is a state statute that legally allows interest for the same period and that applies in both state and federal courts?[11] The Louisiana statute does not provide for interest from date of the verdict, but it may be construed as so doing since it allows interest from the earlier date of judicial demand,[12] and only that part of it that awards interest prior to verdict is superseded by the Federal Employers' Liability Act.

Said Section 966 of the Revised Statutes, while awarding interest from date of judgment, does not exclude the idea of a power in the several states to allow interest upon verdicts.[13] State statutes are superseded by the Federal Employers' Liability Act only in so far as they are in conflict therewith, and said Liability Act does not legislate upon interest after verdict; hence it is not in conflict with any state statute that allows interest from the date of ver-

---

[7] St. Louis S. F. & T. R. Co. v. Seale, 229 U.S. 156, 33 S.Ct. 651, 57 L.Ed. 1129, Ann.Cas.1914C, 156; Toledo, St. L. & W. R. Co. v. Slavin, 236 U.S. 454, 35 S.Ct. 306, 59 L.Ed. 671, Roberts' Federal Liability of Carriers, 2nd Ed., Vol. 2, page 1533.

[8] 28 U.S.C.A. § 811.

[9] National Bank of the Commonwealth v. Mechanics National Bank, 94 U.S. 437, 24 L.Ed. 176; Fowler v. Redfield, Fed. Cas.No.5003; Griffith v. Baltimore & O. R. Co., C.C., 44 F. 574; Id., 159 U.S. 603, 16 S.Ct. 105, 40 L.Ed. 274; Leitch v. Chesapeake & Ohio R. Co., 97 W.Va. 498, 125 S.E. 370.

[10] National Bank of the Commonwealth v. Mechanics National Bank, 94 U.S. 437, 24 L.Ed. 176; Fowler v. Redfield, Fed. Cas.No.5003; Griffith v. Baltimore & O. R. Co., C.C., 44 F. 574; Id., 159 U. S. 603, 16 S.Ct. 105, 40 L.Ed. 274; Leitch v. Chesapeake & Ohio R. Co., 97 W.Va. 498, 125 S.E. 370.

[11] Louisiana Act 206 of 1916.

[12] Guardian, etc., v. Central Glass Co., 5 Cir., 194 F. 851; B. J. Wolf & Sons v. Royal Ins. Co., 5 Cir., 194 F. 853.

[13] Massachusetts Benefit Ass'n v. Miles, 137 U.S. 689, 691, 11 S.Ct. 234, 34 L.Ed. 834. Cf. Quebec S. S. Co. v. Merchant, 133 U.S. 375, 376, 10 S.Ct. 397, 33 L.Ed. 656.

dict.[14] State and federal courts exercise concurrent jurisdiction over causes arising under the Federal Employers' Liability Act; interest is essentially a question of local law; and, for purposes of harmony and uniformity of administration, state statutes relating to interest should be applied whenever it is practicable to do so.[15]

This court is in agreement that interest should not be awarded prior to verdict and that it must by federal law be calculated from date of the entry of judgment.[16] It is only during the interim between the verdict and the judgment that this court is not in full accord as to the authority for awarding interest. It is the writer's view that interest during said interim should not rest upon the equity of said Section 966, but should rest upon the unsuperseded portion of the state statute that allows interest on judgments in state courts.[17]

We impliedly admit that there is no federal law covering interest during said interim when we resort to the equity of a federal statute that awards interest only from date of judgment. We have impliedly held that there is nothing in the Federal Employers' Liability Act excluding interest after verdict and prior to judgment by calculating interest from the date that judgment should have been entered, which preceded by about eighteen months the date that judgment was entered. If the Federal Employers' Liability Act excluded interest prior to judgment, we could not have awarded interest even on equitable grounds, because equity follows the law and only corrects that wherein the law is deficient. In addition, we have expressly held that the allowance or interest from date judgment should have been entered is not inconsistent with the Federal Employers' Liability Act. Thus from every angle it appears that the latter act does not exclude interest for the period here in controversy, and from this it inexorably follows that the state statute applies, namely, La. Act No. 206 of 1916.

This is an action under a federal statute of which the state and federal courts have concurrent jurisdiction, and no one would expressly avow that the substantive law of the case would be different if it happened to be pending in a state court, rather than in a federal court, sitting in Louisiana. Yet my associates have taken a position where interest for an interim of eighteen months would, under the same law and facts, be denied in a state court and granted in a federal court.

I say this because they maintain that the state interest statute is entirely superseded, that it has nothing to do with this case, and that the equity of the federal interest statute alone applies. As the latter statute deals only with interest on judgments in the federal court and is not a part of the Federal Employers' Liability Act, it has no application to judgments rendered in a state court. On the contrary, the local substantive law of torts (including a state statute on the subject of interest on damages ex delicto) supplements the federal law on the subject where the latter does not cover the same field. To the extent that they are harmonious, the state and federal laws together form one system of jurisprudence, which constitutes the law of the land for the state in actions under the Federal Employers' Liability Act; and the accident of state or federal jurisdiction cannot affect the substantive law of the case. The courts of the two jurisdictions are not foreign to each other but are courts of the same country and are governed by the same substantive laws in actions pending before them under the Federal Employers' Liability Act.[18]

I concur in the judgment we are now rendering, because in the same circumstances I would award a judgment for

---

[14] Massachusetts Benefit Ass'n v. Miles, supra.

[15] Holden v. Trust Co., 100 U.S. 72, 25 L.Ed. 567; Town of Ohio v. Frank, 103 U.S. 697, 26 L.Ed. 531; Washington, etc., R. Co. v. Harmon, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284; Demotte v. Whybrow, 2 Cir., 263 F. 366; United States v. Skinner & Eddy Corp., D.C., 28 F.2d 373; 44 Harvard Law Review 105.

[16] Sec. 966 of the Revised Statutes of the United States, 28 U.S.C.A. § 811.

[17] Act 206 of the Louisiana Law of 1916.

[18] 2nd Employers' Liability Cases (Mondou v. New York, N. H. & H. R. Co.), 223 U.S. 1, 58, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44. See also 223 U.S. at page 59, 32 S.Ct. at page 179, 56 L.Ed. 327, 38 L.R.A.,N.S., 44, where the court said: "We conclude that rights arising under the act in question may be enforced, as of right, in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion."

exactly the same amount in a state court, but I do not know what my associates would do. They certainly could not predicate interest in a state court upon the equity of Section 966 of the Revised Statutes, and if the Louisiana ex-delicto-interest statute is wholly superseded by the Federal Employers' Liability Act, I am wondering to what principle of law or equity they would turn to support the present judgment in a state court. I should dislike to have it said of our decision that it is good only in the federal court. Therefore, I prefer to predicate the allowance of interest for the interim between verdict and judgment upon the efficacy of the unsuperseded portion of said Act No. 206. This court looks to that statute for the rate of interest both before and after judgment. Before judgment, according to the majority, the court looks to it with an equitable eye, after judgment with a legal eye; but the court blots out the statute altogether on the substantive law of liability for interest, and predicates its judgment for interest during the interim upon the equity of a federal statute that has no application in a state court and is no part of the federal act giving rise to this action.

Finally, in the absence of a federal statute excluding the allowance of interest on verdicts, the courts of the forum are free to apply the local law. So holding in a recent decision, the Supreme Court reaffirmed its former ruling that said Section 966 did not exclude the allowance of interest on verdicts, and repeated its observation that the state and federal courts sitting within the state should be in harmony upon this point.[19] In Funkhouser v. J. B. Preston Co.,[20] it was pointed out that the question of the allowance of interest on unliquidated damages was a difficult one and that the rule on the subject had been in evolution. Without attempting to reconcile the numerous, and not harmonious, decisions, the court said that the subject was an appropriate one for legislative action, and that whether there should be a definite rule, and what that rule should be, was a matter within the legislative discretion,

as was that of providing for interest upon judgments.

In the two cases just cited and in Massachusetts Benefit Association v. Miles, supra, jurisdiction rested solely upon diversity of citizenship, but that does not impair their value as paramount authorities for the ruling that said Section 966 does not exclude interest prior to judgment. The Federal Employers' Liability Act is the only other pertinent federal statute involved; as previously held, it only excluded the allowance of interest prior to verdict; therefore, the interim between verdict and judgment is an unoccupied field in which state interest laws are free to operate.[21]

---

[19] Klaxon Co. v. Stentor Co., 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477.

[20] 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243.

[21] Cf. Stewart v. Kahn, 11 Wall. 493, 506, 20 L.Ed. 176, where the court speaks of "the judicial anomaly" of one rule of property in the federal courts and another in the state courts. Also Cf. Claflin v. Houseman, 93 U.S. 130, 136, 23 L.Ed. 833, where Mr. Justice Bradley says: "Every citizen of a State is a subject of two distinct sovereignties, having concurrent jurisdiction in the State,—concurrent as to place and persons, though distinct as to subject-matter."