Leo DUVERNAY

v.

ALCOA STEAMSHIP CO., Inc., Skibs A/S
Hassel, and the S.S. BOW SANTOS.

Civ. A. No. 9598, Division "C".

United States District Court
E. D. Louisiana,
New Orleans Division.

May 20, 1963.

A. R. Occhipinti, Occhipinti, Hennessey, Occhipinti & Casano, New Orleans, La., for plaintiff.

Leon Sarpy, Paul A. Nalty, Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for Alcoa Steamship Company, Inc.

Walter Carroll, Jr., Terriberry, Rault, Carroll, Martines & Yancey, New Orleans, La., for Skibs A/S Hassel.

Charles Kohlmeyer, Jr., N. B. Barkley, Jr., Lemle & Kelleher, New Orleans, La., for T. Smith & Son, Inc.

Robert Acomb, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Travelers Ins. Co. and Cooper Stevedoring Co., Inc.

WEST, District Judge.

This matter came on for hearing before a jury on the complaint of plaintiff demanding damages against Alcoa Steamship Co., Inc., Skibs A/S Hassel, and SS Bow Santos for personal injuries sustained while working aboard the SS Bow Santos as a longshoreman. The jury returned a verdict in favor of plaintiff in the total sum of $77,000 and found plaintiff 50 per cent contributorily negligent, thus, in effect, cutting the award in his behalf to $38,500. The jury found further that the stevedoring company, T. Smith & Son, Inc., the employer of plaintiff, was guilty of negligence and/or breach of contract, thus resulting in a judgment over against T. Smith & Son, Inc. in favor of Skibs A/S Hassel upon the third party demand of Skibs.

Skibs further prayed, in its third party demand against T. Smith & Son, Inc., for attorney fees and reimbursement of costs in connection with the defense of this suit. This question was reserved for decision by the Court and was not submitted to the jury.

Pre-trial conferences were held between attorneys for Skibs and attorneys for Smith, at which conferences the Court requested counsel to attempt to agree and stipulate as to the value of services rendered and as to the costs expended in defense of this suit. The Court was later informed that counsel could not agree even on a range of the fee involved and could not agree on the costs expended and allocable to the defense of plaintiff's claim. The Court then requested counsel for Skibs to submit an itemized statement of fees and costs and requested counsel for Smith to file its objections. This has been done, and the Court, after due consideration of all factors concerned, now concludes that Skibs A/S Hassel is entitled to judgment against T. Smith & Son, Inc. for the sum of $11,666.66 as reimbursement of attorney fees and the further sum of $1,576.10 as reimbursement of expenses made necessary by the defense of this suit.

■ The itemized statement of attorney fees submitted to the Court showing a total fee of $17,500 strikes this Court as being a reasonable attorney fee in view of the complicated nature of the case and the tremendous exposure involved. This suit demanded something in the vicinity of a quarter of a million dollars for personal injuries, which injuries were extremely serious and were of a permanent nature. A claim was made against the owner of the vessel, as well as an in rem claim against the vessel itself. The results obtained were extremely favorable to the defendants, and after considering all of the elements approved by the Canons of Ethics this Court considers the total sum of $17,500 to be a reasonable attorney fee.

■ Skibs listed and itemized expenses in the amount of $2,364.14. These expenses certainly appear to be ordinary and necessary expenses in connection with the defense of this suit. The objection of Smith that some of these expenses were involved in the taking of depositions which were not used during the trial of this case and thus not a proper item for reimbursement has no merit. The depositions were taken in preparation for the defense of the suit, and there is certainly no showing that the depositions involved were not a necessary and proper part of the preparations for defense. Whether they were

actually used during the trial or not is immaterial.

■ Respondent Skibs, in its breakdown of the fee and expenses, allocated 80 per cent of the total fee to the defense of plaintiff's claim and 20 per cent to the prosecution of its claim for judgment over against Smith. Smith objects on the grounds that the 80 per cent is too large an allotment to be made in connection with the defense of plaintiff's claim. The Court is inclined to agree that a more equitable allotment would be two-thirds of the total fee and expenses to the defense of plaintiff's claim, and one-third to the prosecution of Skib's claim over against Smith. On this basis it is the opinion of this Court that Skibs is entitled to a judgment for attorney fees against T. Smith & Son, Inc. in the sum of $11,666.66, and expenses in the amount of $1,576.10.

■ That Skibs A/S Hassel has a right to recover reasonable attorney fees and expenses incurred in the defense of the plaintiff's claim from T. Smith & Son, Inc. seems clear. DeGioia v. United States Lines, 2 Cir., 304 F.2d 421; Holley v. S.S. Manfred Stansfield, D.C., 186 F.Supp. 805; Amato v. United States, D.C., 167 F.Supp. 929.

■ This Court feels that there is no merit to the argument of T. Smith & Son, Inc. that Skibs has waived its right to claim attorney fees. This right was claimed by Skibs from the inception of this suit, and the record of this matter simply negates any contention of any actual or intended waiver of such rights on the part of Skibs A/S Hassel.

■ The reasonableness of the fee involved lies within the discretion of the Court, and this Court is of the opinion that counsel for Skibs A/S Hassel has adequately carried the burden of proving the reasonableness of the fees and expenses incurred.

■ The only other question to be decided by this Court concerns the date of commencement of the accrual of legal interest to the plaintiff's recovery. Title 28 U.S.C.A. § 1961 provides that interest shall run from the date of entry of judgment. It has been held that in cases in the Federal Court where jurisdiction is based upon diversity of citizenship, that the law of the State must apply. Woodmont, Inc. v. Daniels, 10 Cir., 290 F.2d 186. It has also been held that under Louisiana law, the right to interest is a substantive right governed by State law, and that according to the law of the State of Louisiana, that interest begins to run from the date of judicial demand. However, in Federal cases, where jurisdiction is based upon Federal law rather than upon diversity, interest on a personal injury claim runs from the date of entry of judgment rather than from the date of judicial demand. United States v. Globe Remodeling Co., D.C., 196 F. Supp. 652; Litwinowicz v. Weyerhaeuser S. S. Co., D.C., 185 F.Supp. 692; Louisiana & Arkansas Ry. Co. v. Pratt, 5 Cir., 142 F.2d 847, 153 A.L.R. 851. Thus, in the instant case, which was predicated upon a Federal statute, the Jones Act, and upon maritime law, it is the opinion of this Court that Title 28 U.S.C.A. § 1961 is controlling, and that interest runs only from date of entry of judgment.

Judgment will be entered accordingly.