**William Z. FAULKENBERRY, Plaintiff-Appellee Cross Appellant,**

v.

**LOUISIANA & ARKANSAS RAILWAY CO. et al., Defendants-Appellants Cross Appellees.**

No. 75–2028.

United States Court of Appeals,
Fifth Circuit.

April 29, 1977.

Rehearing and Rehearing En Banc
Denied June 29, 1977.

Samuel W. Caverlee, Shreveport, La., for defendants-appellants cross appellees.

Hewitt B. Johnson, Monroe, La., Troy E. Bain, Shreveport, La., Don H. Johnson, Monroe, La., for plaintiff-appellee cross appellant.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's judgment for the plaintiff-railroad engineer, who allegedly suffered a heart attack as a result of a train derailment in the defendant's Baton Rouge yard. The action was brought under the provisions of the FELA, 45 U.S.C. § 51. Both parties appealed and after careful consideration of the record, briefs and oral argument of counsel,

we affirm the judgment of the district court in all respects.

The defendant-railroad urges on appeal that there was insufficient proof of negligent track maintenance on its part and that the court's instruction to the jury regarding res ipsa loquitur was erroneous. It also argues that the evidence is insufficient to connect the derailment with plaintiff's heart attack. We find no such errors and cannot say as a matter of law that the verdict and judgment were "without reason" as contended by the railroad. *Rogers v. Missouri Pac. R.R.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

On his cross-appeal, plaintiff contends that the trial judge erred in refusing to give a specific instruction as to what damages were recoverable and in failing to award interest on the judgment from the date of judicial demand. The issue concerning damages was waived prior to oral argument and, as plaintiff himself concedes, the law in this circuit is contrary to his position on the question of interest. *Louisiana & A. Ry. v. Pratt,* 142 F.2d 847 (5th Cir. 1947).

AFFIRMED.