**Gabriel J. CAMPLESE, Sr., Plaintiff**

**v.**

**CONSOLIDATED RAIL CORPORATION,**
**Defendant**

**Civ. A. No. 81–0785.**

United States District Court,
M.D. Pennsylvania.

March 5, 1984.

Michael B. Michelson, Gaines & Stern Co., L.P.A., Cleveland, Ohio, for plaintiff.

David C. Eaton, Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendant.

**MEMORANDUM**

RAMBO, District Judge.

Plaintiff brought an action pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* The jury returned a verdict in favor of the plaintiff and against the defendant in the amount of $178,465. On September 30, 1983, judgment was entered by the Clerk of the Court in the above amount pursuant to the order of this court. Plaintiff has filed a motion to amend the judgment requesting:

1. that the judgment be amended to include interest from the date of the entry of judgment as provided for in 28 U.S.C. § 1961; and

2. that the judgment be amended to include "delay damages" as provided in

Pennsylvania Rule of Civil Procedure 238.

Interest from the date of judgment

 Interest upon an amount of money judgment rendered by a federal court runs automatically even though the judgment itself contains no specific award of such interest. *Moore-McCormack Lines v. Amirault*, 202 F.2d 893, 895 (1st Cir.1953). *See Parisi v. Lady in Blue, Inc.*, 433 F.Supp. 681, 684 (D.Mass.1977).

The parties are further directed to the memorandum of the Clerk of the Court dated September 1, 1982 attached hereto as exhibit A. Attention is specifically directed to paragraphs 3(a) and 4 of that memorandum.

Prejudgment Interest

Title 28 U.S.C. § 1961 governs the availability of interest on judgments in federal courts. This section relates to interest recoverable on the judgment itself and does not relate to the question of whether prejudgment interest should be allowed as part of compensation awarded to make the injured party whole. *Louisiana and Arkansas Ry. Co. v. Export Drum Co.*, 359 F.2d 311, 317 (5th Cir.1966). Section 1961 does not limit a successful plaintiff to interest from the date of judgment. The statute directs that the judgment itself will bear interest, as a matter of law, from the date that it is entered and leaves to other principles of law the issue of whether the judgment itself will include prejudgment interest as part of the plaintiff's compensation. *Illinois Central R.R. Co. v. Texas Eastern Transmission Corp.*, 551 F.2d 943, 944–45 (5th Cir.1977). *See Ellis v. Chevron-U.S.A., Inc.*, 650 F.2d 94, 98 (5th Cir.1981).

 Generally, in diversity cases in federal court, matters of prejudgment interest are governed by state law. *Jarvis v. Johnson*, 668 F.2d 740, 746–47 (3d Cir.1982). *See Clissold v. St. Louis-S.F. Ry. Co.*, 600 F.2d 35, 39 n. 3 (6th Cir.1979). Federal courts sitting in Pennsylvania have followed this rule. Thus, the cases and rules cited above are applicable in federal courts sitting in Pennsylvania as well as in state courts. For example, the federal courts have followed the Pennsylvania rules governing prejudgment interest in breach of contract cases, *Hussey Metal Div. v. Lectromelt Furnace Div.*, 417 F.Supp. 964 (W.D.Pa.1976); in equity actions, *Peterson v. Crown Financial Corp.*, 661 F.2d 287 (3d Cir.1981); and in insurance contract cases *Fireman's Fund Insurance Company v. Landsdowne Steel and Iron Company*, No. 78–1521 (E.D.Pa. June 3, 1982.)

28 U.S.C.A. § 1961 was amended and changed to a great extent by the Federal Courts Improvement Act of 1982, P.L. 97–164, 96 Stat. 25. Title 3, Part B, Section 302 of the Act deals with interest on judgments. The Senate version of the Act provided that where a defendant knew of his liability, interest should be awarded for the prejudgment period at a rate that would be keyed to the prime interest rate, where this would be necessary to compensate the plaintiff. The Act as promulgated, however, makes no reference to prejudgment interest.

Plaintiff argues that paragraph 4 of section 1961(c) specifically permits the application of delay damages. Paragraph 4 reads as follows:

> This section shall not be construed to affect the interest on any judgment of any court not specified in this section.

This court believes that the quoted language, absent any other statutory construction that has been specifically made of that section, applies to post-judgment interest orders, not the *inclusion* of other prejudgment interest assessments.

The Sixth Circuit Court of Appeals in *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988 (1982) addressed the issue of prejudgment interest:

> The Supreme Court in *Rodgers v. United States*, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947), considered whether prejudgment interest might be awarded in an action instituted under the Agricultural Adjustment Act of 1938, 7 U.S.C. § 1981 *et seq*. After examining that statute as well as 28 U.S.C. § 811, the

statutory predecessor of 28 U.S.C. § 1961, the Court concluded: 'There is no language in the Agricultural Adjustment Act or in any other act of Congress which specifically allows or forbids interest on penalties such as these prior to judgment.' 332 U.S. at 373, 68 S.Ct. at 6.

Other circuits which have expressly considered this question have found no impediment in Section 1961 to the awarding of prejudgment interest. *Moore-McCormick Lines v. Amirault*, 202 F.2d 893, 895 (1st Cir.1953); *Louisiana & Arkansas .Railway Company v. Export Drum Crompany*, 359 F.2d 311, 316–317 . (5th Cir.1966); *Lodges 743 and 1746, International Association of Machinists and Aerospace Workers v. United Aircraft Corporation*, 534 F.2d 422, 446, fn. 42 (2d Cir.1975), *cert. denied*, 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976); *Casto v. Arkansas-Louisiana Gas Co.*, 562 F.2d· 622, 624 (10th Cir.1977). In each of these cases, the court considered the argument that 28 U.S.C. § 1961 preempted the District Court's authority to impose prejudgment interest ·by providing only for interest after judgment. However, in each case the court held that the federal statute is silent on the award of prejudgment interest and that traditional equitable principles would govern the award of such compensation. ·We agree that Section 1961 does not by its silence bar the awarding of prejudgment interest in cases whose jurisdiction is grounded in the resolution of a federal question.

The second issue before us is whether such an award is proper under the statutes involved in this case. Neither the · Labor Management Relations Act or the Employee Retirement Income Security Act contain any prohibition against prejudgment interest. In the absence of legislative direction, the Supreme Court, again in *Rodgers*, directed that the decision to grant or deny prejudgment interest should ·hinge on whether to· do so would further the congressional purposes underlying the obligations imposed by the statute in question. 332 U.S. at 373, 68 S.Ct. at 6.

*Id.* at 989. ·

The general rule is that in the absence of a statutory provision the award of prejudgment interest is in the discretion of the court. *Oil, Chemical & Atomic Workers' International Union, Local 4– 447 v. American Cyanamid Company*, *supra*, [546 F.2d] at 1144 [5th Cir.1977]. · *Id.* at 990.

The two statutes involved in the *Bricklayers'* case, *supra*, were the Labor Management Relations Act and the Employee Retirement Income Security Act. The court found as follows:

> These two statutes, LMRA and ERISA, impose certain responsibilities on both management and ˙labor so as to promote integrity and certainty in employer-employee relationships. The defendant here, a construction contractor, was adjudged to have failed to meet his obligations with regard to certain trust ˳funds administered by appellants. His ˙breach deprived appellants of their lawful right to the missing funds. Because appellants had established contractual rights to the funds under the auspices of the LMRA and ERISA we find that prejudgment interest may be awarded here.

*Bricklayers'*, *supra*, at 989, 990. ·

In *Eazor Express, Inc. v. International Brotherhood of Teamsters*, 520 F.2d 951 (3d Cir.1975), *cert. denied*, 424 U.S. 935, 96 S.Ct. 1149, 47 L.Ed.2d 342 ·(1976),[1] a case involving the LMRA, the court held that:

> The general rule is that when the damages resulting from a breach of contract are ascertainable with mathematical precision prejudgment interest is ·awardable as of right.

Id. at 973.

The above cases were contract cases and this court has noted above that federal

---

**1.** The substantive issue of union liability under a no-strike clause for failure to use best efforts to end unauthorized strikes was decided contrary to *Eazor Express* in *Carbon Fuel Co. v.* *United Mine Workers of America*, 444 U.S. 212, ˎ215, 100 S.Ct. 410, 413, 62 L.Ed.2d 394 (1979). The conclusion as to prejudgment interest was not discussed in *Carbon Fuel.*

courts in Pennsylvania have applied pre-judgment interest in such cases.

Two courts have held that prejudgment interest is not applicable, however, in FELA cases. In *Louisiana & Arkansas Ry. Co. v. Pratt,* 142 F.2d 847 (5th Cir. 1944) the court held as follows:

> The Act itself contains no provision with respect to interest, and the measure of damages in actions under it, being inseparably connected with the right of action created, must be settled according to general principles of law as administered in the federal courts at the time of enactment, except as modified by *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.
>
> The item of accrued interest presents a question of substantive law. We think, therefore, that the silence of the federal statute upon the subject of interest may not be construed as leaving the subject unlegislated upon in the Act, but is indicative of the considered purpose that no interest should be allowed in such actions prior to verdict. Since the Act is exclusive, state statutes upon the measure of damages, including Louisiana Act 206 of 1916, are superseded in so far as they are in conflict.

*Id.* at 848, 849.

In *Chicago, M., St. P. & P.R. Co. v. Busby,* 41 F.2d 617 (9th Cir.1930) the court cited the language of *Ches. & Ohio Ry. v. Kelly,* 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117 (1916) as follows:

> "But the question of the proper measure of damages is inseparably connected with the right of action, and in cases arising under the Federal Employers' Liability Act it must be settled according to general principles of law as administered in the federal courts." Treating the question, then, as one of general law, our own decisions are controlling. In *Burrows v. Lownsdale* (C.C.A.) 133 F.250, and *The Argo* (C.C.A.) 210 F.872, it was held that interest is not allowable on claims for personal injuries until the amount of the damages has been judicial-

ly ascertained, distinguishing such cases from actions for loss of or injuries to property. Judgment should have been entered, therefore, for the amount of the verdict without interest, and for costs; and it will be so modified.

The court recognizes the early dates of the above cited cases and that in light of the statement in *Rodgers v. U.S.,* 332 U.S. 371 at 373, 68 S.Ct. 5 at 7, 92 L.Ed. 3 (1947)

> [T]he failure to mention interest in statutes which create obligations has not been interpreted by this court as manifesting · an unequivocal congressional purpose that the obligation shall not bear interest.

this court should consider on general notions of equity whether prejudgment interest should apply in FELA cases.

■ FELA reflects the dissatisfaction of Congress with the common law duty of master to his servant. This statute. supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The general congressional intent was to provide *liberal* recovery for the injured worker. *Kernan v. American Dredging Co.,* 355 U.S. 426, 432, 78 S.Ct. 394, 398, 2 L.Ed.2d 382 (1958). FELA seeks to adjudge the cost of human injury and the inescapable expense of railroading, *equitably* between the worker and the carrier (emphasis added). *Sinkler v. Missouri Pacific R. Co.,* 356 U.S. 326, 329, 78 S.Ct. 758, 396, 2 L.Ed.2d 799 (1958), *reh. den.* 356 U.S. 978, 78 S.Ct. 1133, 2 L.Ed.2d 1152. FELA enlarges the rights of railroad employees to recover for injuries by stripping the employer of his common law defenses and for all practical purposes the inquiry is limited to the question of whether negligence of the employer played *any* part, however small, in the injury which is the subject of the suit. *Rogers v. Missouri P.R. Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), *reh. den.* 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 764.

■ With the above considerations in mind, it is evident that Congress, by enact-

48

ing FELA, has adjusted the equities between the railroad employer and the injured employee. To grant prejudgment interest would undermine the equities that have been balanced by the Act itself. This court does not believe that prejudgment interest should apply in FELA cases.

ORDER

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT plaintiff's motion to amend the judgment is denied.

EXHIBIT A

UNITED STATES GOVERNMENT

Memorandum

DATE: September 1, 1982

REPLY TO
ATTN OF: Donald R. Berry

SUBJECT: Post Judgment Interest

TO: Kenneth Mulholland
Sylvia Lehotsky
Joseph Hartridge

Attached is a copy of General Counsel Imlay's July 27th memo and attachment regarding post judgment interest. I believe you have a copy of the memo of June 22nd which went into details on that subject. The attached memo updates some of that information.

I have underlined what appear to be the significant items in this new memorandum. I suggest that you read it carefully and that you be sure the staff is aware of the following:

1. Post judgment interest beginning October 1, 1982 will be the then current rate for the previous sale of government treasury bills which are clearly explained in the memo of June 22nd.

2. The rate of interest called for in the State statutes will apply up to and through September 30th.

3. Beginning October 1st all judgments entered on or after that date will have the new interest rate applied and that rate will change, as announced, with the date of each sale on which the rate is based. Thus, we will have to be sure of the following:

(a) That judgments are entered immediately and not held for 2 or 3 days before being entered on the docket. Such a delay could be disasterous if it occurs spanning a sale.

(b) The rate in effect when a judgment is entered will apply to that judgment throughout its life. The rate does not change pursuant to subsequent sales unless the judgment is vacated or otherwise set aside.

4. The General Counsel in the last paragraph of his memo again emphasizes that the parties will be expected to perform their calculations of the applicable interest. We can tell them the rate that applies but we should strongly urge them to make the calculations so they have only each other to argue with if they believe the amount of interest is in error. If the court directs, we will make the calculations.