**Robert C. CARVER**

v.

**CONSOLIDATED RAIL CORPORATION.**

**Civ. A. No. 83–2309.**

United States District Court, E.D. Pennsylvania.

Dec. 27, 1984.

Stephen M. Karp, Paoli, Pa., for plaintiff.

Stuart A. Schwartz, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

Plaintiff brought this action pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* At trial, liability was conceded and the jury awarded plaintiff damages amounting to $8,660.00. Plaintiff now moves under Pa.R.Civ.P. 238 [1] for prejudgment interest in the amount of $902.00. Because I conclude that Rule 238 should not apply in an FELA suit, I will deny the motion.

The availability of interest in an action arising under a federal statute is governed by federal law, not the law of the forum state. *See Norfolk & Western Railway Co. v. Liepelt,* 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980)

---

1. Rule 238 provides in relevant part:
    (a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators ... shall
    (1) add to the amount of compensatory damages in the ... verdict of a jury ... damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;
    (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, which-

ever is later, up to the date of the award, verdict or decision.
    . . . .
    (e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

("questions concerning the measure of damages in an FELA action are federal in character"); *Faulkenberry v. Louisiana & Arkansas Railway Co.*, 551 F.2d 650 (5th Cir.1977). Title 28 U.S.C. § 1961 provides for postjudgment interest on money damages recovered in federal court. Neither this section nor the FELA itself, however, contains any provision concerning the availability of prejudgment interest as part of a plaintiff's compensation. A number of courts have concluded on the basis of Congress' silence that state laws authorizing prejudgment interest cannot be invoked in an FELA action. *E.g., Faulkenberry*, 551 F.2d at 651; *Kozar v. Chesapeake & Ohio Railway Co.*, 449 F.2d 1238, 1244 (6th Cir. 1971); *Louisiana & Arkansas Railway Co. v. Pratt*, 142 F.2d 847, 849 (5th Cir. 1944) (Congress' silence concerning prejudgment interest is "indicative of a considered purpose that no interest should be allowed in [FELA] actions prior to verdict;" state statutes are therefore superseded); *Wicks v. Central Railroad Company of New Jersey*, 129 N.J.Super. 145, 322 A.2d 488, *cert. denied*, 66 N.J. 317, 331 A.2d 17 (1974).

Despite the authority cited above, I am not persuaded that the FELA's silence alone forecloses further consideration of whether prejudgment interest should be awarded. The U.S. Supreme Court has held that a federal statute's failure to provide for prejudgment interest does not automatically prevent a federal court from awarding such interest in an action brought under the statute. *Rodgers v. United States*, 332 U.S. 371, 373, 68 S.Ct. 5, 6, 92 L.Ed. 3 (1947). Absent an express statutory prohibition, the decision whether to grant prejudgment interest should depend upon Congress' purpose in enacting the statute under which the case arises and upon general equitable principles. *Id.*[2]

On the basis of the factors described in *Rodgers,* I conclude that Pennsylvania's prejudgment interest rule should not be applied in an FELA action. The Third Circuit, in holding that federal courts must apply Pennsylvania's Rule 238 in *diversity* cases, determined that the availability of prejudgment interest has a substantive impact on the rights of litigants. *Jarvis v. Johnson,* 668 F.2d 740, 746 (3d Cir.1982). *Accord Renner v. Lichtenwalner,* 513 F.Supp. 271, 273 (E.D.Pa.1981). One of Congress' major purposes in enacting the FELA was to create nationwide uniformity with respect to compensation for injured railroad employees. *Norfolk & Western Railway Co. v. Liepelt,* 444 U.S. 490, 493 n. 5, 100 S.Ct. 755, 757 n. 5, 62 L.Ed.2d 689 (1980). This goal would be undermined if federal courts were to modify judgments in FELA cases on the basis of state substantive laws concerning damages. Application of Pennsylvania's prejudgment interest rule would also be inconsistent with the FELA's more specific purposes. The district court for the Middle District of Pennsylvania described the nature and significance of these purposes as follows:

FELA reflects the dissatisfaction of Congress with the common law duty of master to his servant. This statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The general congressional intent was to provide *liberal* recovery for the injured worker.... FELA seeks to adjudge the cost of human injury and the inescapable expense of railroading, *equitably* between the worker and the carrier .... FELA enlarges the rights of railroad employees to recover for injuries by stripping the employer of his common law defenses and

2. The recent legislative history of 28 U.S.C. § 1961 indicates that Congress is satisfied with this approach. The section was recently amended to provide for uniform interest rates. Included in the proposed amendment was a provision authorizing an award of prejudgment interest where necessary to compensate a plaintiff. *See* S.Rep. No. 275, 97th Cong., 2d Sess. 11–12,

*reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 21–22. The amendment as adopted, however, contains no mention of prejudgment interest. Arguably, Congress preferred that federal courts continue to evaluate the propriety of prejudgment interest in the context of specific cases and statutes.

for all practical purposes the inquiry is limited to the question of whether negligence of the employer played *any* part, however small, in the injury which is the subject of the suit.... [I]t is evident that Congress, by enacting FELA, has adjusted the equities between the railroad employer and the injured employee. To grant prejudgment interest would undermine the equities that have been balanced by the Act itself. This court does not believe that prejudgment interest should apply in FELA cases.

*Camplese v. Consolidated Rail Corp.,* 594 F.Supp. 44, 47–48 (M.D.Pa.1984) (citations omitted) (emphasis original).

I recognize that the Pennsylvania Superior Court came to a contrary conclusion in *Humphries v. Pittsburgh & Lake Erie Railroad Co.,* 328 Pa.Super. 119, 476 A.2d 919 (1984). Although state and federal courts have concurrent jurisdiction over FELA actions, federal courts retain the ultimate responsibility for interpreting and applying federal law. *See Conover v. Montemuro,* 477 F.2d 1073, 1081 (3d Cir. 1973); *Dugas v. Kansas City Southern Railway Lines,* 473 F.2d 821, 826–27 (5th Cir.), *cert. denied,* 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 56 (1973); *Thomas v. Hempt Brothers,* 371 Pa. 383, 392, 89 A.2d 776, 780 (1952), *rev'd on different grounds,* 345 U.S. 19, 73 S.Ct. 568, 97 L.Ed. 751 (1953). In any case, I find Judge Rambo's reasoning in *Camplese* to be persuasive. The *Humphries* court's reasoning consists primarily of a demonstration that the FELA and 28 U.S.C. § 1961 do not prohibit prejudgment interest. Although I accept this proposition, I cannot accept the

**3.** I decide only that a federal court need not apply Rule 238 in an FELA action. I note, however, that although a state court may apply its own procedural rules in an FELA action, it may not apply state rules which would defeat the statute's underlying policies. *See Arnold v. Panhandle & Santa Fe Ry. Co.,* 353 U.S. 360, 361, 77 S.Ct. 840, 841, 1 L.Ed.2d 889 (1957).

**4.** The *Humphries* court relied upon *Olsen v. Shell Oil Co.,* 708 F.2d 976 (5th Cir.1983), *cert. denied,* ─── U.S. ───, 104 S.Ct. 715, 79 L.Ed.2d 178 (1984), in which the Fifth Circuit applied a state prejudgment interest rule in a suit brought

superior court's conclusion that courts [3] are therefore free to apply Pennsylvania's Rule 238 in an FELA action.[4] Because the application of state law concerning prejudgment interest would undermine the policies of the FELA, I will deny plaintiff's motion.

under the federal Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–56. This holding was based, however, on the fact that the OCSLA specifically incorporates state law concerning both liability and damages. *Id.* at 980–81. Where a federal remedy is based on "surrogate state law," application of the state's prejudgment interest rule is justified. *Id.* at 984. The same result is not justified under the FELA, which was designed to replace rather than incorporate state law. *Norfolk & Western Ry. Co. v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980).