James LINDSEY, Plaintiff-Appellee Cross-Appellant,

Liberty Mutual Insurance Company, Intervenor-Appellee,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant-Appellant Cross-Appellee.

No. 84–3845

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1985.

Julie D. Livaudais, Harry McCall, Jr., New Orleans, La., for defendant-appellant cross-appellee.

Bruce J. Borrello, Metairie, La., for intervenor-Liberty Mut. Ins. Co.

Michael L. Weiner, Minneapolis, Minn., for amicus-Assoc. of Trial Lawyers of Am.

Dan C. Garner, John G. Munoz, New Orleans, La., for Lindsey and amicus Am. Trial Lawyers.

Esmond Phelps, II, William H. Howard, III, New Orleans, La., amicus-Nat. Ass'n of Railroad Trial Counsel, etc.

Before WILLIAMS, JOLLY and HIGGINBOTHAM, Circuit Judges.

## OPINION

JERRE S. WILLIAMS, Circuit Judge:

Plaintiff Lindsey brought suit in federal court against the Louisville and Nashville Railroad under the Federal Employer's Liability Act, 45 U.S.C. §§ 51–60. At the time of his injury Lindsey was carried on the employment rolls of the Douglas Public Service Corporation and was paid by that corporation. Douglas was a contractor with L & N at the L & N Gentilly yard in New Orleans, Louisiana, where the accident took place. The jury found that Lindsey was an employee of the railroad at the time of his injury and awarded him the sum of $350,000 in damages. The railroad appeals. Lindsey cross-appeals, claiming that the court should have awarded him prejudgment interest.

Lindsey was injured when his right foot was caught between the draw-bar and undercarriage of a railroad flatcar. When he was injured he was part of a four-man crew regularly engaged in loading and unloading piggy back trailers on flatcars.

Lindsey was standing on the draw-head of one flatcar providing hand signals to the overhead crane operator. The proof showed that a portion of the trailer being unloaded contacted the flatcar's locking mechanism and caused the flatcar to move. Evidence was also introduced that the handbrakes had not been secured on the flatcar contrary to safety rules and requirements of the company.

## I.

The railroad raises two issues on appeal. It objects to the admission in evidence of the testimony of an expert witness who testified as to safer procedures in the loading and unloading operation. This question will be dealt with briefly later. The main focus of the appeal by the L & N Railroad is the claim that Lindsey at the time of the injury was an employee of his ostensible employer, Douglas Public Service Corp., and not of L & N.

 Three general principles of law guide our decision. The first is that under the FELA a worker can be the "employee" of a railroad even though carried on the employment rolls of another company and paid by that other company. The test of employment is the established test in workers' compensation cases. It is whether the railroad has control of the employee or the right to control the employee. The law does not require that the railroad have full supervisory control. It requires only that the railroad, through its employees, plays "a significant supervisory role" as to the work of the injured employee. *Kelley v. Southern Pacific Co.*, 419 U.S. 318, 327, 95 S.Ct. 472, 477, 42 L.Ed.2d 498 (1974).

 The second principle of law is that the question whether the injured worker was acting as an employee of the railroad at the time of the injury under the FELA is a question of fact for the jury. *Baker v. Texas & Pacific Ry. Co.*, 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756 (1959).

 Finally, the third principle of law that guides the decision on this predominant issue in the case is the scope of judicial review of a jury verdict under the FELA. The Supreme Court defined the scope of judicial review of the jury verdict in *Lavender v. Kurn*, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946). The often quoted words of the Court are:

> Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when the evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.

 In the present case we cannot say that there was a complete absence of probative facts to support the jury's verdict that Lindsey under the FELA was an employee of the L & N Railroad at the time of his injury. Without reviewing the evidence in great detail, suffice it to say the record reveals evidence based largely upon the testimony of fellow workers that L & N directed the employees as to which cars were to be unloaded, that when any questions arose concerning the work the employees checked with representatives of L & N, and that on some occasions the loading and unloading crews received specific orders and instructions from L & N employees. There was further testimony that the L & N piggy back agent at the yard was the recognized "boss" of the Douglas crew and that he had employees of the railroad inspect the work of the crew in the loading and positioning of the trailers on the cars. Finally, the evidence showed that the Douglas crew always reported directly to the Gentilly yard, that it was a permanent assignment, and that crew members never reported to the site of the Douglas business even for the purpose of getting their paychecks. We must find that this is enough evidence to go to the jury on the issue of whether L & N was Lindsey's employer at the time of his injury.

The railroad, of course, counters with a substantial amount of evidence from the record which is to the contrary. The thrust of this evidence is that while the employees were told which trailers were to be loaded and unloaded, this was basically the full extent of L & N's involvement in supervising the work of the crew of which Lindsey was a part. The jury was entitled to reject this evidence and accept the record evidence that L & N employees exercised substantial supervisory control over the activities of the loading and unloading crews. With such probative evidence in the record, contrary evidence cannot have any persuasive force when the court is called upon to review the jury's findings. We conclude that the jury verdict must stand in its finding that Lindsey was an employee of the L & N Railroad under the FELA at the time of his injury.

## II.

As mentioned earlier, the L & N Railroad also raises the question of the admission into evidence of the testimony of an expert witness who testified on the safety of the loading-unloading operation. He testified that he was trained in the field of occupational safety and that he had worked for a railroad as a switchman many years before. He admitted that he had no experience in loading or unloading piggy back cars. The trial judge admitted the witness' testimony, which included a description of what were in his opinion safer methods for loading and unloading in piggy back operations.

 Noting in passing that the railroad does not appeal the jury finding of negligence and thus seems to have no basis for objecting to the testimony of a witness which was related solely to the negligence claim, we find that the admission of this testimony was clearly within the broad discretion of the trial judge under Fed.R.Evid. 702, 703. L & N, of course, had full opportunity to challenge the qualifications of the tendered expert witness on cross-examination. We find no error in the court admitting this expert testimony in evidence.

## III.

 Lindsey cross-appeals, claiming that the trial court should have awarded pre-judgment interest. Lindsey concedes that the law is well established in this Circuit that pre-judgment interest is not granted in FELA cases. *Louisiana & Arkansas R. Co. v. Pratt*, 142 F.2d 847 (5th Cir.1944); *Faulkenberry v. Louisiana & Arkansas R. Co.*, 551 F.2d 650 (5th Cir.1977). The Association of Trial Lawyers of America filed an amicus curiae brief favoring a change in the rule of this Circuit to allow the granting of pre-judgment interest. The Association of American Railroads and the National Association of Railroad Trial Counsel filed a brief opposing pre-judgment interest and urging the Court to adhere to the established rule.

This panel is bound by the prior decisions of this Court. We therefore affirm the holding denying pre-judgment interest to Lindsey.

The judgment of the district court is in all respects AFFIRMED.