**James M. CARMOUCHE, Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION CO., Appellee.**

No. 01–86–0883–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1987.

Rehearing Denied June 18, 1987.

---

James H. Brannon, Cynthia A. Stafford, Jamison & Brannon, Houston, for appellee.

Harding J. Rome, Houston, for appellant.

Before JACK SMITH, DUGGAN and COHEN, JJ.

JACK SMITH, Justice.

This is an appeal from a judgment in which the jury found that the appellee was negligent under the Federal Employers' Liability Act, 45 U.S.C. secs. 51–59 (1981) (hereinafter F.E.L.A.), and awarded the appellant $722,500.00, of which $203,032.71 represents past damages. Since the jury also found that the appellant was 30% negligent, the damages awarded were accordingly reduced by the trial court to $520,-122.89, of which $142,122.89 represents past damages.

Appellant's sole point of error contends that the trial court erred in failing to award him prejudgment interest on the $142,-

122.89 in past damages. Although appellant concedes that the law is well established in the Fifth Circuit that prejudgment interest is not granted in F.E.L.A. cases, he claims that he is entitled to prejudgment interest based on the recent Texas Supreme Court decision in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985).

In *Cavnar,* the Texas Supreme Court held that as a matter of law, a prevailing plaintiff may recover prejudgment interest in a wrongful death and survival action. However, the instant case was brought under federal law, and not under state law.

■ In a suit arising under F.E.L.A., federal law, not state law, determines the availability of prejudgment interest, regardless of whether the action is pending in state court. *Louisiana & Arkansas Ry. v. Pratt,* 142 F.2d 847, 849 (5th Cir.1944). Questions concerning the measure of damages in an F.E.L.A. suit are federal in character. *Norfolk & Western Ry. v. Liepelt,* 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). Accordingly, we conclude that the law pronounced in the *Cavnar* decision is not applicable.

■ The United States circuit courts, including the Fifth Circuit, have consistently refused to award prejudgment interest in F.E.L.A. cases. *See Lindsey v. Louisville & Nashville Ry.,* 775 F.2d 1322 (5th Cir. 1985); *Wilson v. Burlington Northern Ry.,* 803 F.2d 563 (10th Cir.1986); *Kozar v. Chesapeake & Ohio Ry.,* 449 F.2d 1238 (6th Cir.1971); *Chicago, Milwaukee, St. Paul & P. Ry. v. Busby,* 41 F.2d 617 (9th Cir.1930).

Although a federal district court in Colorado awarded prejudgment interest in a F.E.L.A. case, the Tenth Circuit subsequently held in *Wilson,* 803 F.2d at 563, that such recovery was barred. Two state courts in Pennsylvania have also awarded prejudgment interest in F.E.L.A. cases, *see Morgan v. Monessen Southwestern Ry.,* 513 Pa. 86, 518 A.2d 1171 (1984), and *Humphries v. Pittsburgh & Lake Erie Ry.,* 328 Pa.Super. 119, 476 A.2d 919 (1984), but the Pennsylvania federal courts have denied recovery of prejudgment interest. *See Carver v. Consolidated Rail Corp.,* 600

F.Supp. 125 (E.D.Pa.1984); *Camplese v. Consolidated Rail Corp.,* 594 F.Supp. 44 (M.D.Pa.1984).

We conclude that, because federal law is applicable to F.E.L.A. cases, the trial court properly refused to award the appellant prejudgment interest on his damages.

The appellant's point of error is overruled, and the judgment of the trial court is affirmed.